SUSAN CROSS, Plaintiff-Counterdefendant-Appellee, *v.* HELMUT H. MAYER, Defendant-Counterplaintiff-Appellant.

First District (2nd Division)    No. 78-2095

Opinion filed June 26, 1979.

Robert E. Grundin, P. C., of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant and counterplaintiff, Helmut H. Mayer, appeals from a judgment of the circuit court of Cook County denying his action for damages for repairs to a residential unit formerly occupied by plaintiff-counterdefendant, Susan Cross. The issue for review is whether defendant's countercomplaint for damages is barred by his failure to comply with section 1 of "An Act in relation to security deposits for the payment of rent or as compensation for damage to property" (Ill. Rev. Stat. 1977, ch. 80, par. 101). Plaintiff has not filed a brief in this court, but we shall determine the case on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

We reverse.

Defendant owned an apartment building at 935 South Boulevard, Oak Park, Illinois. Plaintiff leased a unit in said building pursuant to a written lease effective from May 1, 1977, to April 30, 1978. The monthly rent was $204 and plaintiff paid a security deposit in the amount of $183. On May 26, 1978, plaintiff filed a pro se complaint against defendant to recover her security deposit. Defendant filed a countercomplaint for damages in the amount of $635.88. Defendant alleged that plaintiff failed

to pay $75 of her final month's rent and that the expense of repairing the rental unit formerly occupied by plaintiff was $563.88. Defendant specified in detail the damaged condition of the rental unit allegedly caused by plaintiff and the repairs made and the costs expended by defendant. The countercomplaint was predicated on paragraph 6 of the lease which provided that if the tenant did not leave the premises in good repair, reasonable wear and tear excepted, the landlord was authorized to put the premises in good repair at the expense of the tenant. On August 31, 1978, the court assessed damages against defendant in the amount of $183 and assessed damages against plaintiff in the amount of $75 for nonpayment of rent. The report of proceedings filed by defendant pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)), establishes that the court barred the countercomplaint for damages solely because defendant failed to comply with section 1 of an Act in relation to security deposits. On September 12, 1978, defendant filed a post-trial motion, which was denied, and on October 13, 1978, he filed a notice of appeal.

Defendant contends that failure to comply with section 1 does not bar a subsequent action against a tenant for damages. Section 1 provides as follows:

"A lessor of residential real property, containing 10 or more units, who has received a security deposit from a lessee to secure the payment of rent or to compensate for damage to the leased property may not withhold any part of that deposit as compensation for property damage unless he has, within 30 days of the date that the lessee vacated the premises, furnished to the lessee, delivered in person or by mail directed to his last known address, an itemized statement of the damage alleg[e]dly caused to the premises and the estimated or actual cost for repairing or replacing each item on that statement, attaching the paid receipts, or copies thereof, for the repair or replacement. If estimated cost is given, the lessor shall furnish the lessee with paid receipts, or copies thereof, within 30 days from the date the statement showing estimated cost was furnished to the lessee, as required by this Section. If no such statement and receipts, or copies thereof, are furnished to the lessee as required by this Section, the lessor shall return the security deposit in full."

■■ ■ This appears to be a case of first impression. A reading of the statute indicates that it was intended to correct abuses by landlords, who without any basis, withhold security deposits of former tenants. The Act now provides that if a landlord does not furnish an itemized list of damages within 30 days, he is obliged to return in full the security deposit to the former tenant. However, the statute does not preclude the landlord

from thereafter filing suit for the amount of damages he believes is owed him. We find the statute was intended only to specify the circumstances under which the landlord is entitled to retain possession of the security deposit and is not intended to mandate that the furnishing to the former tenant of an itemized list of damages within 30 days is a condition precedent to filing suit. Therefore, the judgment of the circuit court is reversed insofar as it rejected defendant's countercomplaint and the cause is remanded for trial on defendant's countercomplaint for damages.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.