OTHA HAYWARD, Plaintiff-Appellant, *v.* JEFF TINERVIN, d/b/a Tinervin and Associates, Defendant-Appellee.

Fourth District   No. 4—83—0526

Opinion filed April 9, 1984.

George F. Taseff, of Bloomington, and William D. Campbell, D. Phillip Anderson, and James A. Sergey, all of Student's Legal Services, of Normal, for appellant.

Susan H. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Otha Hayward, appeals a judgment of the circuit court of McLean County entered during a bench trial on June 28, 1983, dismissing the second count of plaintiff's amended complaint against defendant, Jeff Tinervin, d/b/a Tinervin and Associates. At issue is the interpretation of legislation concerning the rights of certain tenants to the proceeds of deposits made with landlords to secure obligations of the tenants under a lease between the parties.

The legislation states:

"A lessor of residential real property, containing 10 or more units, who has received a security deposit from a lessee to secure the payment of rent or to compensate for damage to the leased property may not withhold any part of that deposit *as compensation for property damage* unless he has, within 30 days of the date that the lessee vacated the premises, furnished to the lessee, delivered in person or by mail directed to his last known address, an itemized statement of the damage allegedly caused to the premises and the estimated or actual cost for repairing or replacing each item on that statement, attaching the paid receipts, or copies thereof, for the repair or replacement. If estimated cost is given, the lessor shall furnish the lessee with paid receipts, or copies thereof, within 30 days from the date the statement showing estimated cost was furnished to the lessee, as required by this Section. If no such statement and receipts, or copies thereof, are furnished to the lessee as required by this Section, the lessor shall return the security deposit in full within 45 days of the date that the lessee vacated the premises.

Upon a finding by a circuit court that a lessor has *refused* to

supply the itemized statement required by this Section, or has *supplied such statement in bad faith, and* has failed or refused to return the amount of the security deposit due within the time limits provided, the lessor shall be liable for an amount equal to twice the amount of the security deposit due, together with court costs and reasonable attorney's fees." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 80, par. 101.

Plaintiff has presented a report of proceedings complying with Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)). The report shows that on August 19, 1982, a written lease for the premises in question was entered into between plaintiff, purporting to be "lessee" and defendant purporting to be "lessor." The premises consisted of an apartment in a building containing over 10 units. Pursuant to the terms of the lease, plaintiff deposited with defendant the sum of $75, which sum was to be applied by defendant to any damage to the premises occasioned by plaintiff, unpaid utility bills or unpaid rent. More than 45 days after the expiration of the lease, defendant had not remitted the deposit to plaintiff. However, seven days before plaintiff filed suit, defendant had tendered plaintiff the sum of $75, which plaintiff refused.

The amended complaint upon which the case was tried as a small claim consisted of two counts. The first count merely requested the return of the $75 deposit. The court dismissed that count upon the defendant's in-court tender to plaintiff of the sum of $75. The second count sought recovery under the previously described legislation of double the amount of the deposit ($150) and for attorney fees. The trial court dismissed the second count, apparently at the close of plaintiff's evidence, when the evidence showed that defendant was not the owner of the premises but merely an agent with authority to execute a lease on behalf of the owner.

On appeal plaintiff points out that (1) the statute imposes liability for the deposit on the "lessor"; (2) the lease was executed on behalf of defendant by his authorized agent; (3) the lease described defendant as the "lessor"; and (4) the record gives no indication plaintiff was informed that defendant was acting other than on his own behalf. Plaintiff draws analogy to the rule that an agent entering into a contract on behalf of a principal without disclosing that he is only an agent is liable on the contract personally. (*Vander Wagen Brothers, Inc. v. Barnes* (1973), 15 Ill. App. 3d 550, 304 N.E.2d 663.) Defendant counters by pointing out that, under section 9—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 9—201), the only person who can seek recovery for rent in an action in forcible entry

and detainer is the "owner" or the owner's personal representative. He contends that if only the owner can sue for the rent under those circumstances, only the owner should be liable for the return of the deposit.

■ We agree with plaintiff. As stated in *Vander Wagen Brothers*, the purpose of holding liable the agent who purports to act as a principal is that other contracting parties are entitled to rely on the representation that the party they are dealing with will be responsible for performance of the contract. Here, plaintiff was entitled to rely on the representation that defendant would be responsible for the return of the deposit. The situation where section 9—201 limits who may *bring* suit for rent is not analogous. There, a contracting party has not been led to rely upon the responsibility of another. The fact that defendant was actually only the agent of the owner did not absolve him of liability, and the trial court should not have entered judgment for defendant for that reason.

■ Defendant raises a more serious question as to the sufficiency of plaintiff's proof. The statute regulates withholding of the deposit only when the withholding is "as compensation for property damage." Refusal of the lessor to return the security deposit within "the time limits provided" is not enough to trigger the operation of the last paragraph of the legislation, which provides for double damage and attorney fees. The provision concerning the refusal is stated in the conjunctive, together with the refusal of the lessor to provide the required statement or the supplying of the statement in bad faith. Here, there was no direct proof that the deposit was being withheld under a claim that plaintiff had damaged the premises.

In support of his contention that plaintiff was barred from recovery by his failure to show that the deposit was withheld under a claim of damage to the premises, defendant cites *Applegate v. Inland Real Estate Corp.* (1982), 109 Ill. App. 3d 986, 441 N.E.2d 379. There, the court held that the provision for recovery of double the deposit and for attorney fees did not come into play where a tenant had been constructively evicted and the landlord had held a deposit beyond the time frame of the statute claiming, unsuccessfully, that it was entitled to the deposit for unpaid rent.

Plaintiff maintains that the legislation was intended to have a broader impact than a strict reading would indicate. He claims the legislation is applicable to specified landlords who withhold security deposits for more than 45 days after the termination of a lease without giving any reason. His position is supported by *dictum* in *Cross v. Mayer* (1979), 73 Ill. App. 3d 726, 728, 392 N.E.2d 797, 799. His the-

ory also finds some support in *Applegate*. There, the court said that the statute did "not appear to be intended by the legislature to apply other than where a part or all of the security deposit is retained to compensate for claimed property damage." (*Applegate v. Inland Real Estate Corp.* (1982), 109 Ill. App. 3d 986, 991, 441 N.E.2d 379, 383.) However, the court then stated that in view of the failure of the legislature to provide for the situation where a constructive eviction had taken place "and the *good faith* though unjustifiable withholding of the security deposit for reasons other than property damage, we construe the statute as inapplicable." (Emphasis added.) (109 Ill. App. 3d 986, 991, 441 N.E.2d 379, 383.) Footnote one to the opinion states as follows:

> "While we have concluded that the statutory terms appear limited to situations where the lease term *has expired* and the *lessor could only claim property damages* as a reason to withhold part or all of the security deposit, we recognize that the provisions for double damages and attorney fees were added to discourage a withholding of deposits for baseless reasons." (Emphasis added.) 109 Ill. App. 3d 986, 991, 441 N.E.2d 379, 383-84.

We agree with *Applegate* that the statute is not applicable to situations where there is a good faith dispute over the deposit for reasons other than a claim of property damage. However, considering the language of *Applegate*, the *dictum* of *Cross* and the indicated legislative intent to aid tenants when landlords unreasonably withhold deposits, we conclude that a landlord has some burden to come forward with some evidence of a good faith dispute for other reasons in order to avoid a presumption that the deposit is being withheld because of a claim of damages. When the court entered judgment here, no such evidence had been produced, and the court entered judgment without considering the nature of the dispute over the deposit.

We are reluctant to remand small claim cases for further hearing but must do so here. Defendant had no opportunity to put on evidence. We reverse and remand to give him an opportunity to do so. If, after hearing further evidence, and following the directions of this opinion, the court finds that the withholding arose from a dispute over damages, the court should enter judgment for the plaintiff. Otherwise it should enter judgment for the defendant.

Reversed and remanded.

MILLS, P.J., and MILLER, J., concur.