KHOSROYAN MALLAH *et al.*, Plaintiffs-Appellants, v. BRUNO
BARKAUSKAS, Defendant-Appellee.

Second District No. 84—340

Opinion filed February 7, 1985.

Ashley S. Rose, Ltd., of Naperville, for appellants.

Lee Coleman, of Naperville, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Khosroyan and Tahreh Mallah, appeal from a judgment entered in a small claims action in favor of defendant, Bruno Barkauskas. Plaintiffs contend the trial court failed to apply the requirements of the statute relating to refunds of a tenant's security deposit by a landlord and that its finding defendant had substantially complied with the statute was against the manifest weight of the evidence. Plaintiffs also claim attorney fees under the statute. Ill. Rev. Stat. 1983, ch. 80, par. 101.

The agreed statement of facts by the parties pursuant to Supreme Court Rule 323(d) (87 Ill. 2d R. 323(d)) establishes that defendant is the lessor of residential apartments in Naperville and entered into a lease with plaintiffs for an apartment for a term from September 1, 1982, to August 31, 1983. Monthly rental was set at $405 and a security deposit of $300 was deposited with defendant by plaintiffs. In August 1983, defendant gave notice to plaintiffs he would not renew their lease and requested surrender of the premises by September 1; plaintiffs did so on August 31.

On September 19, 1983, defendant mailed plaintiffs a letter relating to the security deposit in which he stated plaintiffs had caused damages during their occupancy of the apartment and estimated costs of repair and replacement of damaged fixtures to be $584.14, which, after deducting the security deposit, left a balance due defendant of $284.14. Defendant's letter stated a final accounting for damages would be made prior to November 1, 1983. Thirty-three days after mailing the initial letter, defendant served copies of receipts for his actual costs of repair on plaintiffs which totaled $540.80.

When defendant failed to return their security deposit, plaintiffs commenced this action in which they sought judgment for twice the amount of the security deposit plus reasonable attorney fees. Plaintiffs contended in a bench trial that defendant had failed either to refund the deposit or provide documentation for his claimed actual costs within the time required by the statute. After considering the evidence, the trial court found that the documents evidencing defendant's actual costs were sent three days late, but that was in substantial compliance with the statute, for which defendant should not be penalized. Judgment was entered for defendant, and plaintiffs appeal.

The controlling statute which we consider is section 1 of "An Act

in relation to security deposits \*\*\*'' (Ill. Rev. Stat. 1983, ch. 80, par. 101). It imposes certain obligations upon lessors of residential property of 10 or more units who receive a security deposit from a tenant for the payment of rent or to compensate for damage to the premises. The statute provides that no portion of the deposit may be withheld by the lessor unless he, within 30 days of the date the lessee vacated the premises, has furnished lessee with an itemized statement of damage and an estimate or actual costs of repair. If an estimate of cost is given, the lessor must provide paid receipts within 30 days of giving the estimate. If no statement of damages and paid receipts are provided, the lessor must return the security deposit in full within 45 days of the date lessee vacated the premises. The statute further provides:

> "Upon a finding by a circuit court that a lessor has refused to supply the itemized statement required by this Section, or has supplied such statement in bad faith, and has failed or refused to return the amount of the security deposit due within the time limits provided, the lessor shall be liable for an amount equal to twice the amount of the security deposit due, together with court costs and reasonable attorney's fees." Ill. Rev. Stat. 1983, ch. 80, par. 101.

Plaintiffs contend that as defendant neither provided the receipts within 30 days of giving the estimate nor refunded the deposit within 45 days of vacation of the premises, plaintiffs are entitled to the full statutory award. Plaintiffs argue the trial court erred in extending the time limits of the unambiguous statute and finding substantial compliance with it by defendant.

Defendant responds that the statute did not apply, as the trial court may have determined defendant withheld the deposit for reasons other than a claim for property damage. He posits that, under the lease, the security deposit could be applied also to "defray any costs or losses caused owner by tenant" which could include attorney fees and expenses lessor might incur in enforcing the lease by terminating plaintiffs' occupancy. Defendant asserts the trial court may have based its decision upon a finding that a good faith dispute existed between the parties relating to something other than property damage so that the statute does not apply.

This court has held that the prohibition of retention of a security deposit under the statute was not intended by the legislature to apply except where part or all of the security deposit is retained for claimed property damage. (*Applegate v. Inland Real Estate Corp.* (1982), 109 Ill. App. 3d 986, 991, 441 N.E.2d 379.) While the statute

is thus not applicable to situations where there is a good-faith dispute over a deposit for reasons other than a claim for property damage, "a landlord has some burden to come forward with some evidence of a good faith dispute for other reasons in order to avoid a presumption that the deposit is being withheld because of a claim of damage." (*Hayward v. Tinervin* (1984), 123 Ill. App. 3d 302, 306, 462 N.E.2d 896.) Nothing found in this record suggests defendant withheld the deposit for any reason other than to recover $50 expended for attorney fees and damages to the apartment. There was no evidence that the deposit was applied to unpaid rent or that there was any other pending dispute between the parties. Any contrary speculation by the trial court would have been against the manifest weight of the evidence and insufficient to defeat plaintiffs' claim.

Defendant also argues that the record reflects his good faith efforts to comply with the requirements of the statute. However, good faith does not itself justify a failure to comply with the time limitations of the statute.

■ We do not agree, however, that plaintiffs are entitled to recover the statutory penalty of twice the security deposit and attorney fees. The clear language of the statute allows a lessee the return of his security deposit in full within 45 days of vacating the premises if the landlord has failed to supply both the itemized statement of damages and paid receipts within the time limits. Defendant did fail, in this case, to provide the paid receipts within 30 days of the date he gave the estimated cost of repair to plaintiffs. However, the lessee is entitled to the double penalty of the statute only if the lessor has refused to supply the itemized statement, or has done so in bad faith, *and* has failed or refused to return the security deposit within the time provided. Defendant did, in good faith, provide plaintiffs with an itemized estimate of damages within 30 days of vacation of the premises, and thus the penalty provisions do not arise and plaintiffs may not recover double the amount of their deposit and attorney fees.

■ Plaintiffs were, however, entitled to the return in full of their security deposit. Although defendant timely furnished the initial estimate of damages, he failed to provide the substantiating receipts within 30 days thereafter and was then required to return plaintiffs' deposit. Defendant's remedy in the event he was unable to obtain the receipts within the required time, despite his best efforts, was to refund the deposit and commence an action for damages against plaintiffs, which would not be barred by defendant's failure to comply with the requirements of the statute on security deposits.

Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions that judgment for $300 and costs be entered in favor of plaintiffs.

Reversed and remanded with directions.

SCHNAKE and HOPF, JJ., concur.