THOMAS E. EVANS, on his own behalf and on behalf of all other persons similarly situated, Plaintiff-Appellant, v. INTERNATIONAL VILLAGE APARTMENTS, Defendant-Appellee.

First District (3rd Division)  No. 87—1630

Opinion filed January 27, 1988.

John J. O'Malley, of Chicago (Pope, Ballard, Shepard & Fowle, Ltd., of counsel), for appellant.

Sanford Kahn, Ltd., of Chicago (Richard W. Christoff, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Thomas Evans appeals from an order of the trial court granting summary judgment in favor of defendant, International Vil-

lage Apartments, on plaintiff's class action suit alleging a violation of the statute governing security deposits on residential leases. On appeal, plaintiff maintains that the trial court erred in granting summary judgment based on a finding that defendant complied with the applicable statute.

In November 1978, plaintiff entered into a residential lease with defendant for an apartment in Schaumburg, Illinois. Pursuant to the lease, plaintiff paid a $315 security deposit for the full and prompt performance of all of his obligations thereunder. Paragraph 18 of the lease provided that upon termination of the lease, plaintiff would surrender possession of the premises in good, clean, tenantable order and condition.

On November 30, 1979, plaintiff's lease terminated and he vacated the apartment. On December 14, 1979, defendant returned plaintiff's security deposit plus interest, with $40 deducted for cleaning the stove and refrigerator. Defendant sent plaintiff a check for the security deposit with an attached copy of defendant's check-out procedure form. This form detailed an inspection of the apartment and itemized the cleaning charges, $15 for cleaning the refrigerator and $25 for cleaning the stove.

Plaintiff filed this class action suit alleging that defendant violated section 1 of "An Act in relation to security deposits ***" (Ill. Rev. Stat. 1979, ch. 80, par. 101), by not providing plaintiff with an itemized statement of and paid receipts for the cleaning charges made against his security deposit. In an earlier appeal, in a Rule 23 order (107 Ill. 2d R. 23), this court reversed an order of the trial court granting defendant's motion to dismiss. On remand, the trial court granted defendant's motion for summary judgment on the basis that defendant had complied with the applicable statute.

The controlling statute is "An Act in relation to security deposits ***" (Ill. Rev. Stat. 1979, ch. 80, par. 101), which imposes certain obligations upon lessors of residential property of 10 or more units. The statute in relevant part states:

> "A lessor of residential real property, containing 10 or more units, who has received a security deposit from a lessee to secure the payment of rent or to compensate for damage to the leased property may not withhold any part of that deposit as compensation for property damage unless he has, within 30 days of the date that the lessee vacated the premises, furnished to the lessee, delivered in person or by mail directed to his last known address, an itemized statement of the damage allegedly caused to the premises and the estimated or actual cost for re-

pairing or replacing each item on that statement, attaching the paid receipts, or copies thereof, for the repair or replacement. If estimated cost is given, the lessor shall furnish the lessee with paid receipts, or copies thereof, within 30 days from the date the statement showing estimated cost was furnished to the lessee, as required by this Section. If no such statement and receipts, or copies thereof, are furnished to the lessee as required by this Section, the lessor shall return the security deposit in full within 45 days of the date that the lessee vacated the premises."

■ On appeal, plaintiff contends that defendant did not comply with the minimum requirements of the statute. Plaintiff maintains defendant was required to provide him with both an itemized statement and paid receipts for the work performed in his apartment.

The record here shows that defendant sent plaintiff a check for the security deposit with a copy of defendant's check-out procedure form attached. This form indicated a $15 deduction from the security deposit for cleaning the refrigerator and a $25 deduction for cleaning the stove. The record also discloses that the required cleaning of plaintiff's apartment was done by maintenance help within defendant's network and that no paid receipts exist for such work. Thus, the duty of this court is to determine the intended application of this statute to a situation where the landlord has performed the required repair and no paid receipts exist.

In giving effect to the intention of the legislature, provisions of a statute should be read in light of the statute as a whole and in conformity with its dominating general purpose. (*Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 434 N.E.2d 482.) The purpose of the statute in the present case is to correct abuses by landlords who withhold security deposits of former tenants without any basis. (*Cross v. Mayer* (1979), 73 Ill. App. 3d 726, 392 N.E.2d 797.) In a session discussing passage of this bill, a legislator sponsoring the bill stated it was acceptable if the landlord does the work as long as the tenant is provided with an itemized bill. The legislator stated that there must be some evidence that the money is dispersed in a manner consistent with the claimed damage to the apartment.

Plaintiff relies on *Mallah v. Barkauskas* (1985), 130 Ill. App. 3d 815, 474 N.E.2d 886, in support of his argument that the clear language of the statute requires both an itemized statement and paid receipts. Such reliance is misplaced, however, because in *Mallah*, the issue facing the court was whether the defendant had substantially complied with the statute in the situation where the required docu-

ments reflecting cost were provided to the tenant three days after the period allowed by statute. The court was not presented with the issue before us of what documentation is actually required when the landlord is responsible for making the repairs.

Under the circumstances of this case we find that defendant complied with the statute. Defendant, having done the cleaning work itself, cannot be expected to provide plaintiff with paid receipts for the work performed, since no such receipts exist. We do not believe that the statute requires defendant to prepare such receipts simply for the purpose of providing the tenant with paid receipts.

The deposition testimony of the general manager of the apartment complex indicates that certain janitors were paid for the work performed in plaintiff's apartment and the charges were calculated based on the hourly rate of these workers times the estimated length of time it would take to accomplish these tasks. We do not agree with plaintiff that the testimony of the general manager established that the charges made against plaintiff's security deposit were not related to the cleaning of plaintiff's apartment. Plaintiff correctly contends that the statute contemplates that charges will be based on work which is actually performed. We believe that the charges against plaintiff were related to the work actually performed in his apartment. In our estimation, defendant did all that was required to comply with the statute.

■ Plaintiff also argues that the record is replete with evidence that defendant did not produce paid receipts for work performed by outside contractors and that this evidence calls in to question defendant's claim that paid receipts were not provided to plaintiff simply because such receipts did not exist. Neither the trial court nor this court need consider evidence of other instances where defendant did not provide paid receipts. Such evidence is not relevant to the first issue we must decide, whether defendant violated the statute by not providing plaintiff with paid receipts. No class has been certified in the present case and we agree with the trial court that defendant complied with the statute in terms of plaintiff's personal cause. In Illinois, if the named plaintiff's personal cause fails, the entire class action must fail. *Perlman v. Time, Inc.* (1985), 133 Ill. App. 3d 348, 478 N.E.2d 1132; *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236, *appeal dismissed* (1975), 60 Ill. 2d 529, 331 N.E.2d 65.

■ The record before us presents no genuine issue of material fact, and we hold that the trial court properly found, as a matter of law, that defendant was entitled to judgment. For these reasons, the

judgment of the circuit court of Cook County granting summary judgment in favor of defendant is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.