THOMAS WILSON *et al.*, Plaintiffs-Appellants, v. VIVIAN YU, Defendant-Appellee.

First District (3rd Division)   No. 87—3494

Opinion filed December 28, 1988.

E. Paul Rustin, of Chicago, for appellants.

No brief filed for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Thomas and Jolene Wilson (Wilson), appeal from a judgment of the circuit court of Cook County finding that they were not entitled to recover their tenant security deposit on a leased premise. On appeal, Wilson argues that the trial court erred in finding that "An Act in relation to security deposits for the payment of rent ***"

(the Act) was inapplicable to their case. (Ill. Rev. Stat. 1987, ch. 80, par. 101.) We affirm.

Defendant, Vivian Yu, leased an apartment to the Wilsons. This apartment was a condominium unit located in a building containing 48 units. Before the expiration of the Wilsons' lease, Yu sued the Wilsons in a forcible detainer action. Following a judgment in favor of Yu, the Wilsons moved from the apartment on March 31, 1987.

Although Yu informed the Wilsons that damages would be deducted from the security deposit of $865, she did not provide the Wilsons with a written statement of damages or a written estimate of repair costs. Yu did not return any portion of the security deposit to the Wilsons.

Thereafter, the Wilsons filed suit in the circuit court of Cook County seeking return of their security deposit plus damages, attorney fees and costs under section 1 of the Act. (Ill. Rev. Stat. 1987, ch. 80, par. 101.) Yu filed a counterclaim seeking damages to the premises in excess of the security deposit, attorney fees and court costs. Following the close of evidence, the trial court found that (1) the statute governing the return of security deposits was inapplicable to Yu and (2) Yu was entitled to retain the $865 security deposit to cover physical damage to the unit. Both parties were ordered to bear their own attorney fees and costs. This appeal followed.

The statute involved in this case reads as follows:

"Sec. 1. A lessor of residential real property, containing 10 or more units, who has received a security deposit from a lessee to secure the payment of rent or to compensate for damage to the leased property may not withhold any part of that deposit as compensation for property damage unless he has, within 30 days of the date that the lessee vacated the premises, furnished to the lessee, delivered in person or by mail directed to his last known address, an itemized statement of the damage allegedly caused to the premises and the estimated or actual cost for repairing or replacing each item on that statement, attaching the paid receipts, or copies thereof, for the repair or replacement. *** If no such statement and receipts, or copies thereof, are furnished to the lessee as required by this Section, the lessor shall return the security deposit in full within 45 days of the date that the lessee vacated the premises.

Upon a finding by a circuit court that a lessor has refused to supply the itemized statement required by this Section, or has supplied such statement in bad faith, and has failed or refused to return the amount of the security deposit due within

the time limits provided, the lessor shall be liable for an amount equal to twice the amount of the security deposit due, together with court costs and reasonable attorney's fees." Ill. Rev. Stat. 1987, ch. 80, par. 101.

The dispute in this case involves the interpretation of the portion of the statute that reads "a lessor of residential real property, containing 10 or more units, who has received a security deposit." The Wilsons argue that the words "containing 10 or more units" mean that the building must contain 10 or more units and not that a lessor must own 10 or more units in order for the statute to be applicable. We disagree.

In support of their position the Wilsons rely on *Tobin v. McClure* (1986), 144 Ill. App. 3d 33, 493 N.E.2d 1215. However, the focus in *Tobin* was on an apartment complex on the same parcel of land where each building standing alone did not contain 10 or more units, but the complex as a whole contained 10 or more units. Moreover, the analysis revolved around the property and what constituted a unit and not around a landlord and how many units that particular landlord owned. This court stated in *Tobin*:

"The intent of the legislature is clear. A 'unit' of residential real property, while not defined by the statute, clearly refers to an identifiable living space within a larger structure containing one or more such spaces. Where a parcel of residential real property is in the form of an apartment complex or contains other multiple, related structures, the number of units may be aggregated." (144 Ill. App. 3d at 37, 493 N.E.2d at 1218.)

Thus we do not find that *Tobin* is instructive in resolving this issue.

We recognize that this statute was enacted to limit abuses by landlords who withhold security deposits of former tenants without any cause or basis. (*Evans v. International Village Apartments* (1988), 165 Ill. App. 3d 1048, 1050, 520 N.E.2d 919, 921.) However, when the words of the statute are clear and unambiguous, we find it unnecessary to search elsewhere for legislative intent. In giving effect to this provision, we are bound to find that the words clearly mean that the lessor must lease 10 or more units in order for the statute to be applicable. Yu, who leased only one apartment, clearly was not "a lessor of *** property, containing 10 or more units." Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and FREEMAN, J., concur.