DON GOTSCH, d/b/a J & D Amusement, *et al.*, Plaintiffs-Appellants, v. THE CITY OF BURBANK *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 1—90—0340, 1—90—0341 cons.

Opinion filed September 18, 1990.

Gierach, Schussler & Walsh, Ltd., of Oak Lawn (James E. Gierach, of counsel), for appellants.

Louis F. Cainkar, Ltd., of Chicago (Michael G. Cainkar, of counsel), for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs sought declaratory and injunctive relief from the enforcement of an ordinance which prohibits poker machines, card machines, games or similar devices capable of awarding prizes or money from being located on the premises of licensed liquor establishments. Plaintiffs contended that their video poker machines are incapable of awarding prizes or money and, therefore, are not within the class of machines prohibited by the ordinance. In the alternative, plaintiffs contended that the ordinance is unconstitutional. Following an evidentiary hearing on plaintiffs' petition for preliminary injunction, the circuit court denied all relief sought by plaintiffs. This appeal followed.

On December 13, 1989, the City of Burbank enacted Ordinance

number 50—3—9—14—89, which provides, in pertinent part, that "[i]t shall be unlawful for any [liquor] licensee to have, locate or possess on the licensed premises a poker machine, card machine, or any game or similar machine or device capable of awarding prizes, including money." (Burbank, Ill., Municipal Code ch. 3, §3—12(m) (1989).) Plaintiff Don Gotsch (Gotsch), d/b/a J & D Amusement, is in the business of leasing coin-in-the-slot electronic amusement devices, including electronic video poker machines. Plaintiff Joseph Kasper (Kasper), d/b/a The Delta Lounge, holds a liquor license provided by the City of Burbank. Two of Gotsch's electronic "Turbo Poker" machines are located in Kasper's tavern. Gotsch's remaining machines are located in Maggie McGuires, Mr. Kays, and Castle Inn Tap & Liquors, which are also situated in Burbank.

On December 14, 1989, John W. Fitzgerald, as Burbank's local liquor control officer, issued letters to all holders of liquor licenses in Burbank informing them of the ordinance and that "[t]he use of poker machines, card machines, or any game or similar machine or device must be abated immediately." Fitzgerald also sent a letter to Gotsch informing him of the ordinance. On December 29, 1989, Gotsch filed this action in the circuit court.

The court conducted an evidentiary hearing on Gotsch's motion for preliminary injunction on January 11, 1990, and on January 25, 1990. Gotsch brought one of his electronic poker machines to the January 11 hearing and demonstrated the machine's function. The poker machine simulates the game of draw poker. The player inserts 25 cents and receives one point. Cards appear on the screen, and the player chooses the cards to be discarded by pushing one of a number of buttons. If the player is successful, the machine awards points. The game ends when the points are used up. Gotsch testified that his poker machines are not equipped with a switch to erase accumulated points. Further, he demonstrated that the accumulated points cannot be erased by turning the machine off. Each machine has an amusement sticker provided by the City of Burbank.

Gotsch also brought an electronic video trivia machine to the hearing. He testified that this machine awards points in the same manner as the poker machine. Skill is also used to accumulate points. Once the points are used up, the player must insert another coin to continue the game.

Defendants called Officer Steve Dillon of the Cook County sheriff's police department. He was assigned to the vice and intelligence division and investigated gambling, pornography, and dramshop violations. Dillon had performed undercover work in taverns relating to

gambling and observed bartenders pay players based on the points accumulated on poker and blackjack machines. The points were valued at 25 cents each. On cross-examination, Dillon testified that he never conducted a gambling investigation involving a poker machine in Burbank. He further testified that during his investigations of other machines in other localities, he observed that the accumulated points were always removed after the payoff. He never observed a situation where points were left on a machine after an award of money.

Defendants next called Chief William Kujawa of the Burbank police department. He authorized undercover investigations regarding gambling with poker or blackjack machines which were prompted by the complaint of the co-owner of Manhattan's Lounge. The owner informed Fitzgerald and Kujawa that her partner was paying out on a poker machine. Kujawa also knew of an investigation involving poker machines and gambling in an establishment known as the Rib House. He had been informed by the investigating officer in that case that the owner admitted paying out on poker machines. The circuit court admitted this testimony over plaintiff's objection, for the purpose of "understand[ing] what the officials of the City of Burbank were confronted with when they passed the ordinance." Kujawa further testified that it was difficult to catch a poker machine payoff because tavern owners were able to recognize police officers.

The parties stipulated to the following: (1) the sole purpose of the ordinance was to prevent gambling in liquor establishments, (2) the ordinance was not intended to control the consumption of alcoholic beverages, (3) the ordinance was not intended to control or affect juveniles, (4) plaintiff's poker machines do not return prizes or money, (5) plaintiff's poker machines involve the element of skill, (6) poker machines such as plaintiff's are permitted in places that do not serve alcohol, (7) no ordinance prohibits patrons in licensed liquor establishments in Burbank from playing card games with a deck of cards, including poker and blackjack, providing the game is not for money, (8) Fitzgerald attempts to enforce the ordinance as against all poker machines located in taverns regardless of whether the machines return money or prizes or are equipped with reset buttons to erase accumulated points, and (9) no public hearing was held prior to the enactment of the ordinance.

At the close of the hearing, Gotsch moved for leave to add Kasper as a plaintiff. The court granted the motion and continued the hearing until January 25, 1990. On that date, an amended complaint was filed naming Kasper as an additional plaintiff.

On January 25, plaintiffs argued that their electronic video poker

machines did not fall within the class of machines defined by the ordinance in that their machines were incapable of awarding prizes or money, could not be reset to erase accumulated points, and involved the element of skill. Plaintiffs also argued that the ordinance was unconstitutional.

After hearing the arguments of counsel, the circuit court found that plaintiffs' poker machines were capable of awarding prizes. The court stated that "[t]he machine would not itself discharge money or prizes, but I think that a common sense reading of the ordinance is that the machine in connection with some person could award money or prizes depending on the function of the machine." The court based its finding on the testimony of Officer Dillon, who, he said, "pointed out that such machines can be used to collect quarters from the bartender." The court rejected plaintiffs' constitutional challenges to the ordinance.

The circuit court denied plaintiffs' petition for a preliminary injunction. The parties then stipulated that the evidence adduced at the hearing would be the same evidence at trial. Based on the stipulation, the court entered an order denying all relief sought in plaintiffs' complaint and entered judgment in favor of defendants.

■■ Plaintiffs filed two notices of appeal, captioned as Nos. 1—90—340 and 1—90—341. Under the former, plaintiffs seek to invoke appellate jurisdiction under Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) through an interlocutory appeal. Upon the latter, plaintiffs seek to invoke jurisdiction under Supreme Court Rule 301 (107 Ill. 2d R. 301). Before proceeding to the merits of plaintiffs' claims, we note that the court's order of January 25, 1990, denies all relief requested in the complaint. Therefore, jurisdiction is conferred pursuant to Supreme Court Rule 301 based on the circuit court's final order denying all relief.

Plaintiffs maintain that their electronic video poker machines are not within the class of machines covered by the ordinance. Defendants respond that plaintiffs' machines are prohibited by the ordinance because it was intended to prohibit all video poker machines regardless of whether they are capable of awarding money or prizes. In the alternative, defendants argue that the ordinance was intended to prohibit any machine capable of awarding money or prizes through a third person.

■■ ■ "[I]t is well settled that when construing statutes this court must give effect to legislative intent." (*Gittleman v. Create, Inc.* (1989), 189 Ill. App. 3d 199, 202, 545 N.E.2d 237, 239, citing *Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 5, 424 N.E.2d

1239, 1242.) " 'In ascertaining legislative intent, the entire statute must be considered [citation] as well as giving effect to "the evil to be remedied and the object to be attained" [citation].' " (*Gittleman*, 189 Ill. App. 3d at 202, quoting *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 511, 416 N.E.2d 229, 233.) Generally, " 'courts apply the same rules of construction to municipal ordinances as they do to statutes.' " (*Weldon v. Hawkins* (1989), 183 Ill. App. 3d 525, 533, 539 N.E.2d 229, 233, quoting *Franberg*, 99 Ill. App. 3d at 5.) In this case, the parties stipulated that the ordinance was intended to prevent gambling. Therefore, we broadly construe the language of the ordinance to give effect to its broad purpose.

■ Ordinance number 50—3—9—14—89 provides, in pertinent part, that "[i]t shall be unlawful for any licensee to have, locate or possess on the licensed premises a poker machine, card machine, or any game or similar machine or device capable of awarding prizes, including money." (Burbank, Ill., Municipal Code ch. 3, §3—12(m) (1989).) Initially, we reject defendants' arguments that the ordinance was intended to prohibit all poker machines irrespective of whether they are capable of awarding money or prizes. A fair construction of the ordinance does not, in our view, create a separate prohibition on poker machines. The language "poker machines" is not isolated from the qualifying language "capable of awarding prizes, including money." Further, the parties stipulated that the ordinance was intended to prevent gambling. No evidence was offered to sustain the proposition that the ordinance was intended to create an *ipso facto* prohibition on all poker and card machines incapable of awarding prizes or money. Moreover, the circuit court did not construe the ordinance in the manner that defendants advance on appeal.

■ The parties stipulated that plaintiffs' poker machines are incapable of awarding money or prizes in and of themselves and are dependent upon the skill of the player. We therefore consider whether plaintiffs' machines are capable of awarding money or prizes through the intervention of some other person. Based on the record before us, we conclude that the evidence failed to establish that plaintiffs' machines are capable of facilitating gambling through an agency.

The features of an electronic machine have been considered by several courts in determining whether it was a gambling device *per se* or was capable of facilitating gambling through an agency. As to the latter, two related, key features the courts have considered are the machine's ability to keep a reliable point total and its ability to erase accumulated points after each player has played. (*Yasin v. Byrne* (1984), 121 Ill. App. 3d 167, 171, 459 N.E.2d 320, 323; *White v.*

*Ogilve* (1964), 51 Ill. App. 2d 181, 184-85, 201 N.E.2d 122, 123-24; *People v. One Machine Known as "Circus Days"* (1960), 23 Ill. App. 2d 480, 483-84, 163 N.E.2d 223, 225-26.) In this case, plaintiffs demonstrated that their machines do not have a reset button to eliminate accumulated points. They further demonstrated that these points cannot be eliminated by turning the machine off. Dillon testified that he had never observed a payoff involving a poker machine that did not have the ability to erase accumulated points.

Clearly, no person would pay off on a machine's accumulated points where those points cannot be erased after a payoff. An owner or employee would be required to continually monitor these machines, observe each person who inserts a coin, determine how many coins were inserted, and keep a running tabulation of the accumulated points throughout the hours of operation. Although testimony was offered to establish that payoffs were made on other machines located in Manhattan's and the Rib House, those machines were not owned by Gotsch and no evidence was offered describing those machines or establishing any similarity to those owned by Gotsch.

Based on the foregoing, we conclude that the circuit court's finding was against the manifest weight of the evidence and that plaintiffs' machines fall outside the class of machines prohibited by the ordinance.

■ Plaintiffs also challenge the constitutionality of the ordinance; "however, a reviewing court will decide a constitutional question only where it is essential to disposition of the case." (*In re Application of County Collector of Kane County for Judgment for Delinquent Taxes for the Year 1985* (1988), 172 Ill. App. 3d 897, 902, 527 N.E.2d 141, 143.) We therefore need not consider the constitutional issues.

For the reasons stated, the judgment of the circuit court denying declaratory relief is reversed.

Reversed.

HARTMAN and SCARIANO, JJ., concur.