ZHIYUAN WANG, Plaintiff-Appellant, v. KEVIN WILLIAMS *et al.*, Defendants-Appellees.

Fifth District   No. 5—01—0872

Opinion filed September 10, 2003.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Adam M. Berger, all of Edelman, Combs & Latturner, L.L.C., of Chicago, and John R. Clemons, of Clemons & Hood, of Carbondale, for appellant.

Edward J. Heller, of Reed, Heller, Mansfield & Gross, of Murphysboro, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The plaintiff, Zhiyuan Wang, filed a complaint in the circuit court of Jackson County against Kevin Williams and Archie Williams, individually and doing business as Royal Rentals, a partnership (hereinafter referred to collectively as Royal Rentals). The subject of the complaint was the return of a security deposit. The court entered an order dismissing certain counts and striking paragraphs in other counts of the plaintiff's complaint. On reconsideration, the court affirmed the prior order and granted leave to appeal the dismissed counts pursuant to Supreme Court 304(a) (155 Ill. 2d R. 304(a)). On appeal, the plaintiff raises the following issues: (1) whether the circuit court erred in dismissing count II of his complaint, which alleged a violation of the Security Deposit Interest Act (the Act) (765 ILCS 715/0.01 *et seq.* (West 2000)), and (2) whether the circuit court erred in dismissing count IV of his complaint, which alleged a breach of contract. We reverse and remand.

## FACTS

On May 23, 2001, the plaintiff filed his complaint against Royal Rentals. Royal Rentals operated 10 apartment buildings with a total of 227 units. The Carbondale, Illinois, apartment complex in which the plaintiff lived had more than 25 units itself.

The plaintiff alleged that he leased an apartment in Logan Apartments from about September 25, 1998, until about May 23, 2000. The plaintiff paid a security deposit of $225. A lease signed by the plaintiff dated August 6, 1999, was attached to the complaint as an exhibit. Paragraph 3 of the lease, entitled "SECURITY DEPOSIT," concluded: "ROYAL agrees to return the balance of the security deposit, less any deductions for damages or breach of this Lease, within thirty (30) business days after the expiration date of this Lease Agreement. TENANTS agree to waive right to interest on security deposit."

Also attached to the complaint were several exhibits. A "Tenant Check[-]In Form" indicates that several areas of the house were marked as dirty. A "Housing Check[-]Out Form" indicates that all but three of these items were still listed as dirty. A document entitled "Itemized Deposit Return Receipt" noted a deposit in the amount of $225 but indicated that the plaintiff was being charged $460 for

"cleaning charges" and $10 for a "hole in hallway." The document indicated that the amount of $245 was due to Royal Rentals. At no point was any part of the security deposit returned or any interest on the security deposit paid to the plaintiff.

The plaintiff's complaint is in four counts and states that the claims are brought on behalf of a class. Count I requests a return of the security deposit pursuant to the Security Deposit Return Act (765 ILCS 710/0.01 *et seq.* (West 2000)). Count II requests interest from the security deposit according to the Act (765 ILCS 715/0.01 *et seq.* (West 2000)). Count III alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)). Count IV alleges a breach of contract. The plaintiff made class allegations for each count. Royal Rentals filed a suggestion of the death of Archie Williams on January 16, 2001.

The plaintiff filed a motion for class certification. Royal Rentals filed a document entitled "Motion Attacking Complaint." The court entered an order dismissing count II and count IV pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)) and striking specific paragraphs of count I and count III pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)). The plaintiff filed a motion for reconsideration. The court denied the motion and affirmed the prior order as final and appealable (see 155 Ill. 2d R. 304(a)). The plaintiff appeals.

## ANALYSIS

In his brief, the plaintiff raises issues regarding the striking of paragraphs in counts I and III. Royal Rentals points out that the trial court merely struck certain allegations in count I and count III and that, therefore, the court's ruling on these counts was not final and appealable. See 155 Ill. 2d R. 304(a); *Lee v. Juhlin*, 25 Ill. App. 2d 221, 227, 166 N.E.2d 459, 462 (1960). At the beginning of the oral argument in this court, the plaintiff's counsel conceded this point, and this decision only concerns the dismissal of count II and count IV.

■ The plaintiff contends that the trial court erred in dismissing count II. Count II sets forth a claim under the Act (765 ILCS 715/0.01 *et seq.* (West 2000)). The Act provides that for any residential property containing more than 25 units, a lessor is obligated to pay a lessee interest on any security deposit. 765 ILCS 715/1, 2 (West 2000). A lessor who willfully fails to pay the interest is also liable for court costs and attorney fees. 765 ILCS 715/2 (West 2000).

Royal Rentals contends that the lease is a clearly expressed waiver of the statutory right to receive interest. The lease agreement states, "TENANTS agree to waive right to interest on security deposit."

Royal Rentals' assertion that the plaintiff waived his right to interest under the Act is unconvincing. Royal Rentals contends that whether statutory protection can be waived by contract depends on whether the right in question is conferred for the benefit of the public at large rather than solely for the private benefit of individuals. See *O'Brien v. Encotech Construction Services, Inc.*, 183 F. Supp. 2d 1047, 1049 (N.D. Ill. 2002); *People ex rel. American Bankers Insurance Co. v. Palmer*, 363 Ill. 499, 511, 2 N.E.2d 728, 733 (1936); *In re Estate of Ferguson*, 313 Ill. App. 3d 931, 937, 730 N.E.2d 1205, 1210 (2000); *Department of Public Aid ex rel. Allen v. Dixson*, 323 Ill. App. 3d 600, 603, 752 N.E.2d 1147, 1150 (2001). The Act, however, does not merely confer a benefit on individuals. The Act protects a class of people—those who rent from large property owners. See *Munroe v. Brower Realty & Management Co.*, 206 Ill. App. 3d 699, 704, 565 N.E.2d 32, 35 (1990); *Dickson v. West Koke Mill Village Partners*, 329 Ill. App. 3d 341, 346, 769 N.E.2d 971, 975 (2002) (discussing the protection of a class under the Act); *Gittleman v. Create, Inc.*, 189 Ill. App. 3d 199, 203, 545 N.E.2d 237, 240 (1989) (the legislative history indicates that the policy for awarding costs and attorney fees is to set a penalty for landlords who ignore the mandate of the Act). The right to interest provided by the Act is a consideration of public concern.

The plaintiff's position is supported by precedent. In *Gittleman*, tenants sued a landlord for security deposits and interest refunds under the Act. *Gittleman*, 189 Ill. App. 3d at 201, 545 N.E.2d at 238. The leases had a stamped provision that read as follows: " 'It is understood that the security deposit is net of security deposit interest, if any.' " *Gittleman*, 189 Ill. App. 3d at 202, 545 N.E.2d at 239. The landlord claimed that this provision meant that an amount was subtracted from the gross rent for each month as credit for interest on the security deposit. The court found that the leases did not reflect the calculation described by the landlord. The court stated, "[A] contractual acceptance of such explanation is questionable." *Gittleman*, 189 Ill. App. 3d at 203, 545 N.E.2d at 240.

Royal Rentals contends that *Gittleman* is inapplicable in that the decision in *Gittleman* was based on the vagueness of the contractual provision. Royal Rentals argues that *Gittleman* is distinguishable because the provision in this case clearly bars interest.

Royal Rentals' stance ignores the reason the *Gittleman* court found the vagueness of the contractual provision to be determinative. The court did not conclude that the contract failed to clearly state that the tenants were not due interest. Instead, the court's decision was based on the failure of the contract to provide for the disbursement of the interest. *Gittleman*, 189 Ill. App. 3d at 204, 545 N.E.2d at 240. The

vagueness of the contract meant there was no clear mechanism for the disbursement of the interest. Indeed, the court was critical of any attempt to circumvent the Act. The court concluded:

"As mentioned above, the lease unambiguously stated that the rent amount per month and the security deposit would be $300. Clearly, the stamped provision and defendant's explanation of its meaning are an attempt to avoid paying the interest. We conclude that, to the extent that defendant tried to circumvent the mandates of the statute, it willfully refused to pay the required interest. Therefore, plaintiffs are entitled to the full statutory penalty of costs, which the trial court awarded, attorney fees[,] and an amount equal to the amount of the security deposit." *Gittleman*, 189 Ill. App. 3d at 204, 545 N.E.2d at 240.

■ Similarly, the dismissal of the plaintiff's claim for a breach of contract was in error. Count IV of the complaint alleges a breach of the implied terms for the return of the security deposit and interest on the deposit as required by the Security Deposit Return Act and the Act. The plaintiff points out that in the absence of language to the contrary, statutory requirements pertinent to a contract are considered a part of the contract as though they were expressly incorporated. See *Brandt v. Time Insurance Co.*, 302 Ill. App. 3d 159, 169, 704 N.E.2d 843, 850 (1998); *S&D Service, Inc. v. 915-925 W. Schubert Condominium Ass'n*, 132 Ill. App. 3d 1019, 1023, 478 N.E.2d 478, 483 (1985).

■ Royal Rentals contends that the contract did not incorporate the provisions of the Act. Royal Rentals contends that the lease contained express provisions contrary to the Act and that no contrary covenant should be implied. See *Rubens v. Hill*, 213 Ill. 523, 539, 72 N.E. 1127, 1131 (1904). Royal Rentals' argument assumes that the requirements of the Act have been superceded by express provision in the lease. This assumption is incorrect. The attempted avoidance of the protections of the Act was ineffectual. The fact that the interest on a security deposit is an essential element of a residential lease is underscored by Royal Rentals having language in the lease in an apparent attempt to circumvent the Act. The provisions of the Act are still implied into the lease. The plaintiff, therefore, still has a colorable claim for a breach of contract.

Accordingly, the order of the circuit court dismissing counts II and IV of the plaintiff's complaint is hereby reversed, and this cause is remanded for further proceedings.

Reversed; cause remanded.

CHAPMAN and DONOVAN, JJ., concur.