PYRAMID ENTERPRISES, INC., Plaintiff-Appellant, *v.* RALPH AND SALLY
AMADEO, Defendants-Appellees.

(No. 56897;

First District (5th Division)—February 23, 1973.

Richard S. Hollobow and Barry Kreisler, both of Hollobow, Warren,
Taslitz & Grombacher, of Chicago, for appellant.

No appearance for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Judgment in the amount of $226 was confessed against defendants for
rent and attorney's fees under a lease. After service of summons on de-
fendants for confirmation of judgment, pursuant to Ill. Rev. Stat. 1969,
ch. 62, par. 82, a trial *de novo* was held, with defendants filing *pro se*

appearances, and the judgment was confirmed in favor of plaintiff in the sum of $5.05. Plaintiff now appeals from the denial of its post-trial motion for a substantial *additur*, or, in the alternative, for a new trial. Defendants have not appeared in this court.

Plaintiff presents three issues:

(1) Whether the judgment and damages awarded by the trial court were inadequate and contrary to the evidence;

(2) Whether the judgment and damages awarded by the trial court were inadequate and contrary to the law; and

(3) Whether the trial court erred in failing and refusing to rule as a matter of law that Clause Six of the lease required no showing of necessity regarding amounts proved to have been spent for decorating, repairs, and replacements in the premises, and for brokerage commissions paid for re-rental as a result of defendants' abandonment of the apartment prior to the termination of the lease.

Defendants signed a lease with plaintiff on July 29, 1970, for the rental of an apartment in Franklin Park, Illinois, for the period from August 1, 1970, through July 31, 1971, at a rental of $190 per month, and with a security deposit of $220. They took possession of the apartment in August, 1970, but abandoned the premises in January, 1971, and paid no rent for any month subsequent to December, 1970.

On March 3, 1971, plaintiff filed a complaint claiming $190 for the unpaid January, 1971 rent and $36 for attorney's fees, for a total of $226. On the margin of the complaint alongside the itemization of the amounts claimed, the following typewritten notation appears:

> "SECURITY DEPOSIT OF $220.00 NOT APPLIED TO RENT BUT TO FOLLOWING ITEMS: Property damage in excess of normal wear and tear—$100.00. RENTAL COMMISSION—$190.00. Additional decorating—$150.00."

The judgment of $226 was confessed against defendants.

On March 14, 1971, the defendants filed a *pro se* appearance, and a trial was held on September 2, 1971. Plaintiff's opening statement explained to the court that it was proceeding under a lease for the collection of one month's rent, and that the case involved a security deposit of $220 which had already been applied against a larger amount paid out for repair and decorating charges and a commission for re-letting the apartment, such application of the deposit being in accordance with the provisions of the lease.

Plaintiff called defendant Ralph Amadeo as a witness pursuant to section 60 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 60.) He identified his and his wife's signatures on the lease which had been introduced into evidence.

The next witness was the president of plaintiff-corporation. He identified an exhibit as a $150 paid bill from the Apartment Maintenance Company which had painted the apartment abandoned by defendants. He then testified that another exhibit was an invoice from a rental agency showing payment by plaintiff of $190 for brokerage commission on re-renting of the apartment.

The defendants' case consisted of testimony concerning the lack of heat in the apartment of plaintiff's failure to repair certain items. On rebuttal plaintiff introduced into evidence a number of work orders which set forth the matters specifically complained about by defendants, and showed that plaintiff's maintenance man had taken care of defendants' requests.

The court ruled that the judgment for plaintiff would be confirmed in the amount of $5.05 and denied plaintiff's motion for either a substantial *additur* or a new trial. We are without any explanation as to how the court arrived at that amount.

The lease in question contained the following provisions relevant to this appeal:

"The SECURITY DEPOSIT may NEVER be used as rent. [Typewritten.]

2. TENANT has deposited with OWNER the security deposit set forth above for the performance of each and every covenant and agreement of this Lease. OWNER shall have the right, but not the obligation, to apply the security deposit in whole or in part in payment of any unpaid rent or other amount due because of an unperformed covenant or agreement by TENANT. * * * On termination of the Lease and full payment of all amounts due and performance of all TENANT'S covenants and agreements * * *, the security deposit or any portion thereof remaining unapplied shall be returned without interest to TENANT. [Printed form.]

6. * * * TENANT shall on demand pay all deficiencies if the rent on reletting is not sufficient to satisfy the rent provided in this Lease and in addition shall pay all expenses of reletting, including decorating, repairs, replacements and brokerage commissions at rates recommended by the Chicago Real Estate Board. [Printed form.]

17. TENANT * * * irrevocably authorizes any attorney * * * to appear for TENANT * * * to waive process, service and trial by jury, to confess judgment in favor of OWNER * * * and against TENANT * * * for any rent and interest due hereunder from TENANT to OWNER and for OWNER'S

costs and reasonable attorney's fees  *  *  *. [Printed form.]"

In his further testimony, Ralph Amadeo admitted that he and his wife had abandoned the apartment without paying the January, 1971 rent, and defendants therefore are liable to plaintiff in the amount of that rental—$190. Paragraph 17 of the lease dictates that defendants are also liable to plaintiff for reasonable costs and attorney's fees, the $36 claimed for such fees being a reasonable amount. We must assume that the trial judge held defendants liable for this amount of $226, but then reduced it by some undisclosed computations in application of the $220 security deposit held by plaintiff. Although plaintiff's complaint prayed for reimbursement of one month's rent and attorney's fees, the issue of the disposition of the security deposit was raised when plaintiff typed a notation concerning such deposit on the face of the complaint, when plaintiff discussed the deposit during his opening statement, and when plaintiff introduced exhibits into evidence during the trial which related to the subsequent application of that deposit. Since the issue has become part of the record, we will review the question as to whether the $220 security deposit was properly used as a credit against the $226 liability.

Plaintiff argues that inherent in the trial court's decision that defendants are liable to plaintiff is the basic finding that defendants had violated their lease. Such being the case, plaintiff's argument continues, it was the duty of the trial judge to determine the amount of damages in the manner provided by the lease. Plaintiff contends that Paragraph 6 of the lease clearly states that the tenant is liable for the expenses of reletting, including decorating, repairs, and a brokerage commission. At the trial, plaintiff introduced into evidence a $150 paid bill for the painting of the apartment and a paid $190 invoice for the brokerage commission, and now relies on *Williams v. Matlin,* 328 Ill.App. 645, 66 N.E.2d 719, in arguing that proof of the payment of these bills is *prima facie* evidence that the amounts paid were reasonable for the services rendered. Plaintiff contends further that the uncontradicted evidence of the payment of these two bills was sufficient reason for it to have retained the entire amount of the security deposit, and that the reduction of the original judgment of $226 for any reason relating to the security deposit was, under the circumstances, contrary to both the evidence and the law.

■■ We agree with plaintiff that according to paragraph 6 of the lease, $190 of the $220 security deposit was properly applied to the brokerage commission, and that any reduction of the original judgment to compensate for this $190 charge was, indeed, contrary to the law and

the evidence. As to the decorating and repairs, however, we find that the security deposit was not properly applicable, and any reduction for the remainder of the security deposit would be improper. We do not argue with the fact that the work was done or that the amounts paid for such repairs and decorating were reasonable, but we do question the fact that defendants are being held accountable for decorating and repairs for which there was no proof of necessity.

■■ Plaintiff argues that the trial court erred when it interpreted the lease as containing a requirement for a showing of "necessity." We find no error in such an interpretation. When a tenant vacates an apartment, be it at the termination of the lease or an abandonment before the end of the lease, he is required only to leave the premises in the same condition as they were when he first took possession. (See *Streeter v. Streeter*, 43 Ill. 155, 160-161.) If the premises are not left in that condition, normal wear and tear excepted, then the landlord has the right to hold the tenant liable for the costs of returning the premises to such condition so that they may be re-let.

■■ From the evidence at the trial, there was no way for the court to know whether the painting had been done as a necessary prerequisite to re-letting the apartment or whether it was an improvement unnecessary so far as conduct of defendants is concerned. We believe that a landlord should not be allowed to benefit from a tenant's abandonment by decorating and repairing an apartment at the tenant's expense without first proving that the tenant had made such expense necessary.

Since there was no proof of the necessity of the decorating and repairs, the only use to which the security deposit can be applied is the brokerage commission. The $190 brokerage fee subtracted from the $220 security deposit leaves $30 remaining unapplied which should be returned to defendants. However, since defendants are liable to plaintiff in the amount of $226 for one month's rent and attorney's fees, the $30 should be used as a credit to plaintiff, thus producing an appropriate final judgment in the amount of $196.

We are aware of the typewritten clause in the lease, "The SECURITY DEPOSIT may NEVER be used as rent," which takes precedence over the printed clause, "OWNER shall have the right, but not the obligation, to apply the security deposit in whole or in part in payment of any unpaid rent  *  *  *." However, although a $30 portion of the security deposit is being credited to a $226 judgment based on rent, the judgment is also based on a $36 claim for attorney's fees. As long as more than $30 of the judgment can be attributed to an obligation other than rent, that clause of the lease would not be violated.

The judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded with directions to enter judgment in favor of plaintiff in the amount of $196.

Affirmed in part, reversed in part, and cause remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.