14 June 2000

No. 2--99--0714

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

YASUO IKARI and LIANG XUE, ) Appeal from the Circuit Court

) of De Kalb County.

Plaintiffs-Appellees and )

Cross-Appellants, ) 

)

v. ) No. 98--SC--512

)

MASON PROPERTIES, d/b/a )

University Heights Apartments, )

) Honorable

Defendant-Appellant and ) John W. Countryman,

Cross-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Defendant, Mason Properties, d/b/a University Heights Apartments (Mason), appeals the trial court's entry of judgment in favor of plaintiffs, Yasuo Ikari and Liang Xue.  Mason claims that the trial court erred in awarding double damages.  Ikari and Xue cross-appeal, claiming that the trial court erred in calculating damages and in denying their petition for attorney fees.  All three arguments are apparent issues of first impression in Illinois.

On July 7, 1997, Ikari and Xue, together with two other individuals, entered into a written apartment lease agreement with Mason.  At that time, Ikari and Xue were graduate students attending Northern Illinois University.  Ikari and Xue had leased the same apartment the previous year with other roommates.  At the inception of the first lease, a mutual inspection of the apartment was made by Ikari and Xue.  No such inspection was made prior to the inception of the second lease.  Pursuant to the lease, Ikari and Xue paid $709 to Mason as a security deposit.

In August 1998, the lease terminated by its own terms and Ikari and Xue vacated the apartment.  Within 30 days, Mason provided Ikari and Xue with an itemized statement setting forth a calculation of charges for damage to the apartment.  Mason retained $259.90 as payment for the itemized damages and returned the balance of the security deposit, with interest, to Ikari and Xue.  Thereafter, Ikari and Xue commenced this action.

Following a trial on the matter, the trial court found that Ikari and Xue had returned the apartment to Mason in the same or better condition than they found it, ordinary wear and tear excepted, and were entitled to the full return of the $259.90 withheld by Mason for damage to the apartment.  The trial court further found that Ikari and Xue had contacted Mason well before they were scheduled to vacate the apartment and inquired what needed to be done to insure the full return of their security deposit and that Mason had informed them that an inspection would take place after they vacated.  The trial court ruled that Mason had acted in bad faith in not returning the entire security deposit by not arranging for an inspection at the termination of the lease.  The trial court reasoned that Mason had provided an inspection prior to the inception of the first lease and that an exit inspection would have provided Ikari and Xue the opportunity to correct any defects found in the apartment.  The trial court ordered that Mason pay double damages to Ikari and Xue in the amount of $519.80.

The trial court also found that Ikari and Xue were not entitled to attorney fees.  The trial court reasoned that Ikari and Xue did not expend any money for attorney fees in that they were provided legal representation without charge through prepaid legal services available to students of Northern Illinois University by the Students' Legal Assistance Office, a program funded through the allocation of student fees.  The trial court therefore denied Ikari and Xue's petition for attorney fees.

The trial court thereafter denied Ikari and Xue's motion to modify judgment and also denied Mason's motion to vacate judgment.  Both parties timely appealed.

I.  COMPLIANCE WITH SUPREME COURT RULES

We begin by noting both parties' failure to comply with Supreme Court Rule 6.  145 Ill. 2d R. 6.  Rule 6 requires citation of cases to be to the official reports and to include the page of the volume where the case begins and the pages upon which the pertinent matter appears.  All of the cases cited by defendant, and most of the cases cited by plaintiffs, lack reference to the official reports' page numbers upon which the pertinent matters appear.

"Strict adherence to the supreme court rules is necessary to expedite and facilitate the administration of justice."  
People v. Stork
, 305 Ill. App. 3d 714, 717 (1999).  We admonish both parties for failing to comply with the supreme court rules.

This court has recently seen a plethora of briefs submitted to it that fail to comply with the supreme court rules.  We feel compelled to remind attorneys that their failure to comply with the supreme court rules may result in the imposition of sanctions, including the dismissal of an appeal.  See 155 Ill. 2d R. 375(a).

II.  WHETHER THE TRIAL COURT ERRED IN AWARDING DOUBLE DAMAGES

Mason argues that double damages were not warranted because the trial court failed to specifically find that the itemized statement was provided in bad faith.  Mason contends that the penalty provision of the Security Deposit Return Act (Act) (765 ILCS 710/1 (West 1996)) requires a court to make a specific finding that the landlord has supplied an itemized statement of damages in bad faith to justify awarding double damages.  According to Mason, double damages should not have been awarded because the trial court found bad faith only in its failure to provide for an exit inspection, an issue that Mason claims cannot trigger the penalty provision.

Section 1 of the Act prohibits lessors of residential property of five or more units from withholding any part of a security deposit unless the lessor, within 30 days of the date the lessee vacated the premises, furnishes the lessee with an itemized statement of damage and an estimate or actual cost of repair, attaching the paid receipts, or copies thereof, for the repair or replacement.  765 ILCS 710/1 (West 1996).  If the lessor provides an estimate of the cost of repair, the lessor must provide paid receipts within 30 days of giving the estimate.  765 ILCS 710/1 (West 1996).  If the lessor does not provide a statement of damages and paid receipts, the lessor must return the security deposit in full within 45 days of the date the lessee vacated the premises.  765 ILCS 710/1 (West 1996).  The Act also provides a penalty for the failure of a lessor to comply with the Act, which states:

"Upon a finding by a circuit court that a lessor has refused to supply the itemized statement required *** or has supplied such statement in bad faith, and has failed or refused to return the amount of the security deposit due within the time limits provided, the lessor shall be liable for an amount equal to twice the amount of the security deposit due, together with court costs and reasonable attorney's fees."   765 ILCS 710/1 (West 1996).

The central question in this appeal is the proper interpretation of section 1 of the Act as that section applies to double damages.  We review a question of statutory construction 
de novo
.  
Bank of Waukegan v. Kischer
, 246 Ill. App. 3d 616, 621 (1993).  In construing statutes, courts must ascertain and give effect to the legislature's intent.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 173 (1998).  Courts look to the statutory language as the best indication of legislative intent.  
Mitchell
, 181 Ill. 2d at 173.  If the language of the statute is clear, it will be given effect without resorting to other aids of construction.  
Mitchell
, 181 Ill. 2d at 173.

The Act requires that the trial court make a finding that the landlord has (1) refused to supply the itemized statement required by the Act or has supplied such statement in bad faith; and (2) has failed or refused to return the amount of the security deposit due within the time limits provided.  See 
Mallah v. Barkauskas
, 130 Ill. App. 3d 815, 818 (1985).

Defendant cites 
Mallah
 for the proposition that the Act's penalty provision applies only when the trial court makes a specific finding that the landlord has refused to supply the itemized statement of damages, or supplied the statement in bad faith, and has failed to return any part of the security deposit within the specified time limits.  In 
Mallah
, we recognized that the Act was intended by the legislature to apply only where part or all of the security deposit is retained for claimed property damage.  
Mallah
, 130 Ill. App. 3d at 817; see also 
Applegate v. Inland Real Estate Corp.
, 109 Ill. App. 3d 986, 991 (1982).  We determined that the Act is not applicable to situations where there is a good-faith dispute over a deposit for reasons other than a claim for property damage.  
Mallah
, 130 Ill. App. 3d at 817-18.  We held that the penalty provision of the Act was inapplicable to a disputed security deposit when the landlord had, in fact, provided the tenant with an itemized estimate of damages within 30 days of the vacation of the premises.  
Mallah
, 130 Ill. App. 3d at 818.  Contrary to Mason's assertion, in 
Mallah
, this court did not address whether the Act required the trial court to make a specific finding.

The Act itself does not require a trial court to delineate its findings before imposing the statutory penalty.  A reviewing court will not reverse a trial court's order solely for the reason that the trial court did not make specific findings on the factors referenced in an act.  
In re Marriage of Hagaman
, 123 Ill. App. 3d 549, 554 (1984).  We therefore reject Mason's argument that the trial court erred in awarding double damages because it did not make the necessary statutory findings.

Mason also argues that the trial court erred in finding that Mason acted in bad faith by not providing an exit inspection when it simply acted in accordance with the parties' written lease agreement.  Although the trial court reasoned that Mason acted in bad faith by not providing an exit inspection, the proper analysis under the Act is whether the landlord acted in bad faith in providing the itemized statement.  Regardless of whether the trial court's reasoning was incorrect, this court may affirm the decision of the trial court on any grounds in the record.  
Pepper Construction Co. v. Transcontinental Insurance Co.
, 285 Ill. App. 3d 573, 576 (1996).

In determining whether a party has acted in bad faith, courts consider whether the party engaged in vexatious, unreasonable, or outrageous conduct.  
Country Mutual Insurance Co. v. Anderson
, 257 Ill. App. 3d 73, 78 (1993).  The determination of bad faith is a question of fact to be resolved by the trier of fact.  
La Rotunda v. Royal Globe Insurance Co.
, 87 Ill. App. 3d 446, 456 (1980).  We will not disturb a trial court's finding of fact unless it is against the manifest weight of the evidence.  
People ex rel. Illinois Historic Preservation Agency v. Zych
, 186 Ill. 2d 267, 278 (1999).  A trial court's judgment is against the manifest weight of the evidence only if the opposite conclusion is clearly evident.  
Jordan v. National Steel Corp.
, 183 Ill. 2d 448, 456 (1998).

 A tenant is required only to leave an apartment in the same condition as it was when possession was taken, normal wear and tear excepted.  
Pyramid Enterprises, Inc. v. Amadeo
, 10 Ill. App. 3d 575, 579 (1973).  The retention of all or a part of a security deposit is justified if the expenses incurred by the landlord were attributable to the tenant and were a necessary prerequisite to re-renting the apartment.  
Pyramid
, 10 Ill. App. 3d at 579.  That the premises are left in a deteriorated state attributable to ordinary wear and tear does not justify the retention of a security deposit.  
Exchange National Bank v. Heller
, 26 Ill. App. 3d 675, 683-84 (1975).

We believe that the trial court's findings support a determination that the itemized statement was not provided in good faith.  The trial court determined that Ikari and Xue returned the apartment to Mason in the same or better condition as they found it, ordinary wear and tear excepted.  The trial court also determined that Mason acted in bad faith by failing to provide for a mutual inspection at the termination of the lease when such an inspection was provided at the inception of the lease.  We conclude that the trial court's findings necessarily intimate a determination that Mason supplied the itemized statement in bad faith.  Having carefully scrutinized the record, we find that the record amply supports a determination that Mason acted in bad faith in providing the itemized statement of damages.  We hold that the trial court's finding of bad faith was not against the manifest weight of the evidence.

Mason further argues that the trial court erred in finding that it acted in bad faith because the apartment lease agreement did not provide for an exit inspection and the parties did not agree to an exit inspection.  Ikari and Xue respond that Mason has waived this issue by failing to raise it in the trial court.  See 
In re Marriage of Rodriguez
, 131 Ill. 2d 273, 279 (1989).  Ikari and Xue contend that, if Mason had raised the issue in the trial court, proofs could have been offered to refute or overcome it (see 
Klubeck v. Division Medical X-Ray, Inc.
, 108 Ill. App. 3d 630, 636 (1982)) and that the trial court could have determined whether the lease was intended to circumvent the Act and, if so, declared it void (see 
Gittleman v. Create, Inc.
, 189 Ill. App. 3d 199, 204 (1989).  To permit Mason to raise this issue for the first time on appeal would greatly prejudice Ikari and Xue.  We find that Mason has waived this argument by failing to raise it in the trial court.

For the foregoing reasons, we reject Mason's arguments 
in toto
.  We therefore hold that the trial court did not err in awarding double damages under the Act.

III.  WHETHER THE TRIAL COURT ERRED IN CALCULATING DAMAGES

In their cross-appeal, Ikari and Xue argue that the trial court erred in calculating damages.  Specifically, they claim that the Act entitles them to an award of double the amount of the total security deposit rather than double the amount of the wrongfully withheld security deposit.

Again, we review this question of statutory construction 
de novo
 (
Bank of Waukegan
, 246 Ill. App. 3d at 621) and apply the well-known rules of statutory construction previously stated (see 
Mitchell
, 181 Ill. 2d at 173).  Ikari and Xue argue that, because the Act contains the phrase "twice the amount of the 
security deposit due
" (emphasis added)  (765 ILCS 710/1 (West 1996)), the legislature intended the phrase to be interpreted as "twice the amount of the security deposit."  We find no merit in this argument.  Had the legislature intended damages to be double the amount of the security deposit, it would have chosen to use the words "security deposit" or "total security deposit" rather than "security deposit due."  "Due" is defined as owing, payable, or justly owed.  Black's Law Dictionary 499 (6th ed. 1990).  Thus, when the legislature used the phrase "security deposit due," it necessarily intended that part of the security deposit remaining due, owing, payable, or justly owed.

In this case, the trial court found that Ikari and Xue were entitled to a return of the remainder of their security deposit that was wrongfully withheld by Mason.  The trial court found that Mason had previously returned the undisputed portion of the security deposit to Ikari and Xue.  Upon finding that Mason acted in bad faith, the trial court correctly awarded Ikari and Xue double the amount of the security deposit wrongfully withheld by Mason and remaining due, owing, payable, and justly owed.  We hold that the trial court did not err in calculating damages.

IV.  WHETHER THE TRIAL COURT ERRED IN DENYING ATTORNEY FEES

Ikari and Xue further argue that the trial court erred in denying their petition for attorney fees because the Act mandated an award of attorney fees.  The trial court denied the petition for attorney fees on the basis that Ikari and Xue did not expend any money for attorney fees in that they were provided legal representation without charge through prepaid legal services available to students of Northern Illinois University by the Students' Legal Assistance Office, a program funded through the allocation of student fees.

Issues involving the application of a statute are subject to 
de novo
 review.  
People ex rel. Lumpkin v. Frantz
, 306 Ill. App. 3d 267, 270 (1999).  The Act provides that "the lessor 
shall
 be liable for an amount equal to twice the amount of the security deposit due, together with court costs and reasonable attorney's fees" upon a finding that the lessor acted in bad faith in providing the itemized statement.  (Emphasis added.)  735 ILCS 710/1 (West 1996).  The Act clearly and unambiguously requires a trial court to hold a lessor liable for a lessee's reasonable attorney fees upon a finding that the lessor acted in bad faith in providing the itemized statement.

Whether an attorney charges a fee is not a basis upon which to deny attorney fees.  See 
Merchandise National Bank v. Scanlon
, 86 Ill. App. 3d 719, 728-29 (1980).  We conclude that the trial court erred in not awarding attorney fees.  We therefore reverse that part of the trial court's judgment denying Ikari and Xue's petition for attorney fees and remand the cause for a determination and award of reasonable attorney fees.

V.  CONCLUSION

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed in part and reversed in part, and the cause is remanded for a determination and award of reasonable attorney fees.

Affirmed in part and reversed in part; cause remanded.

BOWMAN and GALASSO, JJ., concur.