**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 180701-U

Order filed October 23, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| JAMAL BARGHOUTHI, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | Appeal No. 3-18-0701 |
| | ) | Circuit No. 18-SC-7730 |
| | ) | |
| TASHUNDA POLK, | ) | Honorable |
| | ) | Brian E. Barrett |
| Defendant-Appellee. | ) | Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices McDade and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Trial court did not err when it denied plaintiff landlord's claims for the security deposit and additional damages to rental premises vacated by defendant tenant based on its findings that alleged damage was normal wear and tear. Trial court properly ordered plaintiff to return defendant's security deposit.

¶ 2     Plaintiff Jamal Barghouthi brought a small claims complaint against defendant Tashunda

Polk to recover for damages and unpaid rent for a house she rented from him. The trial court found

the damages were normal wear and tear, denied Barghouthi's claims, and ordered him to return Polk's security deposit to her. We affirm.

¶ 3                                     FACTS

¶ 4        Plaintiff Jamal Barghouthi sought to recover from defendant Tashunda Polk for damages and unpaid rent connected to a house she previously rented from him. In Barghouthi's small claims action, he sought to recover $8580, which he alleged accrued as a result of damages to the property and rent remaining due after Polk vacated the premises. Barghouthi also alleged Polk's supposed promise to buy the property also caused him damages. The trial court denied Barghouthi's claims, finding that the claimed damages were normal wear and tear. The court found in favor of Polk and ordered Barghouthi to return Polk's security deposit of $3750. Barghouthi moved to reconsider and for a new trial. He also moved to add the Housing Authority of Joliet as a third-party defendant. The trial court denied Barghouthi's motions. He appealed.

¶ 5                                     ANALYSIS

¶ 6        The issue on appeal is whether the trial court erred in denying Barghouthi's claim for damages against Polk. He argues the trial court failed to apply the Security Deposit Return Act (Act) (765 ILCS 710/0.01 *et seq.* (West 2018)), ignored evidence supporting his damages claim, did not consider the applicable provisions of the lease agreement and failed to consider the parties' agreed-upon rent increase. He further argues the trial court's credibility finding reflected the court's prejudice against him. Polk did not file a response brief but because the " 'record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief,' " we will decide the appeal on the merits. *City of Effingham v. Diss Truck & Repair LLC*, 2019 IL App (5th) 180064, ¶ 8 (quoting *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

2

¶ 7        The Act provides that a landlord who leases residential property of five or more units may not keep a tenant's security deposit to secure the rent or compensate for damages unless the landlord provides an itemized statement of the damages and estimates or costs for repairing or replacing the damages, with receipts for work already completed attached to the statement. 765 ILCS 710/1(a) (West 2018). Where the landlord uses its own labor, the statement may include the landlord's reasonable costs to repair or replace the damages. *Id.* The statement must be furnished to the tenant within 30 days of the tenant vacating the leased premises and must be delivered personally, mailed to the tenant's last known address or sent by electronic mail to the tenant. *Id.* Costs for damage beyond normal wear and tear and reasonable to restore the premises to the same condition as when the lease began shall be specified in a lease. Those costs should be referenced in the itemized statement and a copy of the lease included. *Id.*

¶ 8        We first address Barghouthi's argument that the trial court failed to consider and apply the Act, which he asserts mandates a judgment in his favor. According to Barghouthi, he followed the dictates of the statute in timely sending to Polk an itemized list of the damages to the premises, the total amount of which exceeded the security deposit. He maintains he is entitled to recovery for both the damages and unpaid rent.

¶ 9        A tenant must leave the leased premises in the same condition as when he or she moved in, excepting normal wear and tear. *Ikari v. Mason Properties*, 314 Ill. App. 3d 222, 228 (2000). A landlord may only retain a security deposit when the landlord's expenses to remedy the damages to the property were attributable to the tenant and necessary to enable the landlord to rent the premises to someone else. *Id.* The security deposit may be retained for claimed property damage. *Mallah v. Barkauskas*, 130 Ill. App. 3d 815, 817 (1985). Whether the trial court properly applies

a statutory provision is reviewed *de novo*. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006).

¶ 10 Barghouthi offers no evidence to support his claim that the trial court neglected to examine the applicable law regarding security deposits. He appears to equate his following the statutory dictates regarding the itemized list of damages as satisfying the totality of the statutory provisions. However, Barghouthi's declaration that Polk is responsible for the damages he included on the itemized list does not equate to an actual obligation on the tenant's part. The trial court's rejection of Barghouthi's assertions of damages does not mean the court did not examine and follow section 1 of the Act. Barghouthi seems to argue that Polk would not provide him an address to which he could send the itemized list but it does not appear either Polk or the trial court were concerned with Polk's receipt of the itemized statement. The fact that Barghouthi provided the statement does not mean he is entitled to retain the security deposit for damages the trial court ultimately found to result from normal wear and tear. The trial court did not fail to examine and apply the Act.

¶ 11 Next, we look at Barghouthi's assertion that the damage to the carpet exceeded normal wear and tear. He asserts that the carpet should have lasted at least four years but was only two years old when Polk left and required replacement. Barghouthi further argues that the lease required that Polk as tenant would be responsible for the maintenance and cleaning of the appliances, including the stove, microwave, fridge, washer, dryer and dishwasher. According to Barghouthi, during Polk's tenancy, the dryer was destroyed, the oven was broken, chipped and dirty, and the refrigerator's freezer was dirty.

¶ 12 Normal wear and tear may result in the deteriorated state of a leased property. *Ikari*, 314 Ill. App. 3d at 228. Where the damages to leased premises are the result of normal wear and tear,

4

the damages should not be charged against the tenant's security deposit. *Tobin v. McClure*, 144 Ill. App. 3d 33, 36 (1986). We will not reverse a trial court's factual findings unless they were against the manifest weight of the evidence. *Ikari*, 314 Ill. App. 3d at 227-228. A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly evident. *Id.* at 228.

¶ 13     Barghouthi provided the trial court evidence supporting his claim of excessive damage to the carpeting, including the receipt to replace the carpet, photographs of the damaged carpet and a sample cut of the actual carpet. The trial court considered the evidence and rejected Barghouthi's assertion that the damage was so excessive that it could not be considered normal wear and tear. Barghouthi offers nothing but his opinion regarding the extent of the damages and the fact that his view differs from the trial court's does not indicate the trial court's determination was against the manifest weight of the evidence. The court viewed Barghouthi's evidence and found it did not establish excessive carpet damage. The court also considered that the maintenance and repairs to the appliances was necessitated by normal wear and tear and did not constitute damage or a violation of the lease terms. We find the court's determinations were not against the manifest weight of the evidence.

¶ 14     Next, Barghouthi challenges the trial court's determination that no additional rent was owed by Polk. He looks to the language of the lease which established a month-to-month tenancy after the first year's lease expired and which raised the monthly rent $200 if the month-to-month tenancy did not extend for a full year. Accordingly, Barghouthi argues that he was entitled to either three months' rent at $2100 to cover the remainder of the year after Polk vacated the premises, or $1800, which includes the additional $200 monthly rental amount for the nine months in which Polk paid the lesser rent amount contrary to the parties' agreement.

5

¶ 15       An act by a landlord affirming a lease exists and the tenant is the lessee that occurs after a breach by the tenant known to the landlord waives the landlord's right to forfeiture of the lease. *Wolfram Partnership, Ltd. v. La Salle National Bank*, 328 Ill. App. 3d 207, 224 (2001), *modified on denial of reh'g* (Mar. 20, 2002) (citing *Midland Management Co. v. Helgason*, 158 Ill. 2d 98, 102 (1994)). The failure to enforce lease terms can result in a waiver of the term. *La Salle National Bank v. Khan*, 191 Ill. App. 3d 41, 44 (1989). Where a lessor accepts the nonconforming rent and has knowledge of the lessee's breach of the lease, he has waived the lessee's breach. *Id.* We review questions of law *de novo*. *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010).

¶ 16       Lastly, we consider Barghouthi's challenge to the trial court's apparent finding that he lacked credibility. He argues the court relied on its credibility determination to prejudice him, failing to consider evidence he submitted, and relied on its own experience as a homeowner rather than basing its decision on the evidence Barghouthi presented.

¶ 17       A reviewing court defers to a trial court's credibility determinations because the trial court is in the best position to view and evaluate witness testimony and demeanor, and evaluate his or her credibility. *Kel-Keef Enterprises, Inc. v. Quality Components Corp.*, 316 Ill. App. 3d 998, 1012-13 (2000) (citing *Raclaw v. Fay, Conmy & Co.*, 282 Ill. App. 3d 764, 767 (1996)). We will not substitute our judgment for that of the trial court regarding witness credibility unless the trial court's determination was against the manifest weight of the evidence. *In re Marriage of Homan*, 126 Ill. App. 3d 133, 136 (1984).

¶ 18       Barghouthi argues the trial court erred in finding him not credible for the reason that Barghouthi does not agree with the trial court's assessment. He maintains the court refused to consider his evidence and was prejudiced against him. There is nothing in the record to support

6

Barghouthi's claims. We note that the record on appeal does not include a report of the proceedings so the events that transpired in the trial court are not before us for our consideration. We therefore presume that the trial court's findings were in accord with the law and the facts. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (it is the appellant's burden to present a complete record on appeal and in the absence of a complete record, the reviewing court presumes the trial court entered its order in conformity with the law and the facts presented). Any doubts that arise from an incomplete record will be resolved against the appellant. *Id.* at 392. Barghouthi provides nothing to contradict the presumption. The trial court's rejection of Barghouthi's claims of damage to the leased premises does not mean the trial court was prejudiced against him or failed to consider the submitted evidence. We accept the trial court's credibility determination and find it was not prejudiced against Barghouthi but made its decision based on the evidence presented.

¶ 19                                                    CONCLUSION

¶ 20          For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 21          Affirmed.