2021 IL App (2d) 200538
No. 2-20-0538
Opinion filed May 25, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KINNIE PRESBERRY, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-186 |
| | ) | |
| ELIZABETH K. McMASTERS, | ) | Honorable |
| | ) | Robert G. Kleeman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1 In 2019, the plaintiff, Kinnie Presberry, filed a one-count complaint in the circuit court of Cook County alleging that in 1994, before she turned 18 years old, the defendant, Elizabeth K. McMasters, a resident of McHenry County, had sexually abused her in Du Page County. The circuit court of Cook County granted the defendant's motion to transfer venue to Du Page County and also ordered the plaintiff to pay the defendant's fees and costs for having filed her action in an improper venue. The circuit court of Du Page County subsequently dismissed the plaintiff's one-count complaint as being barred by the applicable statute of limitations. The plaintiff appeals from all of those orders. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On February 6, 2019, the plaintiff filed against the defendant a one-count complaint for child sexual abuse, pursuant to section 13-202.2 of the Code of Civil Procedure (Code) (735 ILCS 5/13-202.2 (West 1994)). The plaintiff filed her complaint in the circuit court of Cook County and alleged that the defendant, a McHenry County resident, had sexually abused her prior to the plaintiff turning 18 on October 11, 1994 (the childhood sexual abuse case). The plaintiff alleged that the abuse occurred between January 1994 and August 1995 when she was confined at the juvenile detention center in Warrenville, which is in Du Page County. After the plaintiff was discharged from the juvenile detention center, she went to live at a group home in Chicago and later moved to Bartlett. (Both Chicago and Bartlett are in Cook County.) The plaintiff further alleged that the defendant had sexual relations with her in both Chicago and Bartlett.

¶ 4     On April 15, 2019, the defendant filed a motion to transfer venue to Du Page County and for fees and costs because the plaintiff had filed the action in Cook County in bad faith and without probable cause.

¶ 5     On August 15, 2019, the circuit court of Cook County granted the motion to transfer the case to Du Page County and awarded fees and costs pursuant to section 2-107 of the Code (735 ILCS 5/2-107 (West 2018)). On January 7, 2020, the circuit court denied the plaintiff's motion to reconsider and awarded the defendant $12,441, the full amount of fees and costs that she had requested.

¶ 6     On March 5, 2020, the defendant filed in the circuit court of Du Page County a motion to dismiss the plaintiff's complaint, arguing that it was barred by the applicable two-year statute of limitations. On June 8, 2020, the circuit court dismissed the plaintiff's complaint without prejudice, finding that it "appear[ed] clear, based on the pleadings *** that she was always aware of the abuse."

¶ 7    On July 6, 2020, the plaintiff filed an amended one-count complaint. She alleged that, although she was aware of the sexual conduct by the defendant when it occurred, she was not aware that the sexual activity with the defendant constituted sexual abuse and had caused her significant harm and injury until she "broke through" her repressed memory during a therapy session on June 26, 2018. On July 10, 2020, the defendant filed a motion to dismiss, again arguing that the case was barred by the applicable statute of limitations because the plaintiff always knew about the alleged abuse. On September 15, 2020, the circuit court dismissed the plaintiff's amended complaint with prejudice, finding that it was barred by the statute of limitations. On September 17, 2020, the plaintiff filed a timely notice of appeal.

¶ 8    On October 6, 2020, the plaintiff filed a new complaint against the defendant in Cook County (the oral contract case). The complaint alleged that, in February or March 2018, the plaintiff and the defendant entered into an oral contract whereby the defendant would pay the plaintiff $60,000 a year for the rest of the plaintiff's life in exchange for the plaintiff remaining silent about the defendant's alleged sexual abuse of her. The complaint asserted that the defendant had breached the agreement by not making the required payments to the plaintiff.

¶ 9                                    II. ANALYSIS

¶ 10    Prior to addressing the merits of the plaintiff's appeal, we first consider the defendant's argument that this case should be dismissed based on the doctrine of judicial estoppel. The defendant argues that the doctrine applies because the plaintiff alleged inconsistent material facts in the childhood sexual abuse case and the oral contract case. Specifically, the plaintiff argued in the childhood sexual abuse case that she did not recover her repressed memories of her alleged injuries until June 26, 2018, while in the oral contract case she alleged that *three or four months earlier* she had entered into an agreement with the defendant to keep silent about the alleged abuse

in exchange for annual payments. The defendant insists that we dismiss the plaintiff's appeal so as not to condone the plaintiff's duplicitous behavior and undermine the integrity of the judicial process.

¶ 11    Judicial estoppel is an equitable doctrine invoked by the court at its discretion. *Seymour v. Collins*, 2015 IL 118432, ¶ 36. As the United States Supreme Court has observed, the uniformly recognized purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from "deliberately changing positions" according to the exigencies of the moment. (Internal quotation marks omitted.) *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). Judicial estoppel applies in a judicial proceeding when litigants take a position, benefit from that position, and then seek to take a contrary position in a later proceeding. *Barack Ferrazzano Kirschbaum Perlman & Nagelberg v. Loffredi*, 342 Ill. App. 3d 453, 460 (2003). This court is permitted to "take judicial notice of public documents which are included in the records of other courts." *Seymour*, 2015 IL 118432, ¶ 6 n.1.

¶ 12    Our supreme court has identified five prerequisites as "generally required" before a court may invoke the doctrine of judicial estoppel. The party to be estopped must have (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it. *Id.* ¶ 37.

¶ 13    We note that the defendant's argument is in an unusual posture because she is seeking to invoke the doctrine of judicial estoppel in order to terminate the proceedings in the plaintiff's original action. Normally, a defendant invokes this doctrine only to estop the plaintiff from pursuing a second action. See *Loffredi,* 342 Ill. App. 3d at 460. Nonetheless, we need not determine

whether the doctrine can be invoked here because, based on the facts of this case, it is not applicable anyway.

¶ 14    We reach this conclusion even though the first four prerequisites of judicial estoppel are clearly met. The plaintiff has taken two factually inconsistent positions before two different courts, which we infer that she intended the courts to take as true, as to when she was fully aware of all the harm that the defendant's alleged abuse had caused. In the childhood sexual abuse case, she alleged that she did not make the connection between the sexual conduct and the harm until June 26, 2018. It is therefore incomprehensible how, in the oral contract case, she could have entered into an agreement with the defendant to keep silent about the alleged abuse in February or March 2018 when she was not yet aware of how that abuse had harmed her. However, the fifth prerequisite—that she received some benefit in the first proceeding—is not present, as her cause of action was dismissed at the pleading stage.

¶ 15    We note that all of the five prerequisites need not be present in order for judicial estoppel to apply. See *id.* However, the Supreme Court has suggested that achieving success in the first proceeding is a key aspect of judicial estoppel because, "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations [citation], and thus poses little threat to judicial integrity." (Internal quotation marks omitted.) *New Hampshire*, 532 U.S. at 750-51.

¶ 16    The defendant argues that the plaintiff achieved some success because the circuit court allowed her to file an amended complaint before ultimately dismissing her action. In other terms, the defendant contends that the plaintiff achieved some success because the circuit court dismissed her original complaint without prejudice instead of with prejudice. We do not believe that obtaining a dismissal without prejudice is sufficient to constitute success for purposes of judicial

estoppel. Accordingly, absent any success in the prior proceeding, the doctrine of judicial estoppel is not applicable. We therefore decline to dismiss the plaintiff's appeal or impose sanctions on that basis.

¶ 17     We next turn to the issue of whether the circuit court properly granted the motion to transfer venue from Cook County to Du Page County. "Proper venue is an important statutory privilege" (*Bucklew v. G.D. Searle & Co.*, 138 Ill. 2d 282, 288 (1990)), and the defendant is entitled to have a lawsuit proceed in a proper venue so long as the defendant timely raises an objection. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 154 (2005). Section 2-101 of the Code provides the general venue rule in Illinois:

> "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018).

¶ 18     When a defendant files a motion to transfer venue, the defendant has the burden to prove that the venue in which the plaintiff brought the action was improper. *Corral*, 217 Ill. 2d at 155. In doing so, the defendant must provide specific facts, not mere conclusions, demonstrating a clear right to transfer venue. *Id.* " 'Any doubts arising from the inadequacy of the record will be resolved against the defendant.' " *Id.* (quoting *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279, 285 (1987)).

¶ 19     When ruling on a motion to transfer venue, the circuit court is faced with questions of both law and fact. *Id.* at 153-54. The court must make certain factual findings and then determine the legal effect of those findings. *Id.* at 154. Given that the court must determine the legal effect of certain factual findings, we employ a bifurcated standard of review. *Id.* We review the court's

factual findings with deference and may reverse those findings only if they are against the manifest weight of the evidence. *Id.* However, we review *de novo* the court's ultimate legal determination. *Id.*

¶ 20     Under section 2-101 of the Code (735 ILCS 5/2-101 (West 2018)), there are two pathways to proper venue: (1) the residency pathway and (2) the transactional pathway. An exception exists if all the defendants are nonresidents of Illinois, in which case an action may be commenced in any county in Illinois. *Id.* Here, the defendant is a resident of McHenry County. Thus, venue is proper in Cook County only if part of the transaction from which the plaintiff's claims arose occurred in Cook County.

¶ 21     Under the transactional pathway, an action must be commenced "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." *Id.* The phrase should be interpreted broadly and liberally. *Tipton v. Estate of Cusick*, 273 Ill. App. 3d 226, 228 (1995).

¶ 22     In her complaint, the plaintiff alleged that she was abused by the defendant while she was at a juvenile detention center in Warrenville. She began residing at the juvenile detention center in January 1994 and was not released until August 1995. She alleged that "all of the acts complained of" occurred before she turned 18 on October 11, 1994. As such, all of the acts that gave rise to the plaintiff's cause of action occurred in Warrenville, which is in Du Page County. Accordingly, as the defendant is not a resident of Cook County nor did any of the alleged tortious acts occur in Cook County, the circuit court properly granted the motion to transfer venue to Du Page County.

¶ 23     Relying on *Prouty v. Advocate Health & Hospitals Corp.*, 348 Ill. App. 3d 490, 497 (2004), the plaintiff insists that, because the defendant treated her in Cook County, venue was proper there because the "county where a health care provider renders services has a legitimate stake in the

outcome of litigation involving such services, regardless of whether the subject treatment occurred in that county." *Prouty* does not support the plaintiff's argument. There, venue was uncontested and the only issue was whether the circuit court should have granted the defendant's motion to transfer based on the doctrine of *forum non conveniens*. *Id.* at 491.

¶ 24    The plaintiff also argues that venue was proper in Cook County because the defendant continued to assault her in Chicago and Bartlett (which are in Cook County) after she was released from the juvenile detention center in Warrenville. In making this argument, the plaintiff relies on *Tietge v. Western Province of the Servites, Inc.*, 64 Cal. Rptr. 2d 53 (Ct. App. 1997), and an unreported federal district court decision in *Taylor v. Taylor*, No. 94 C 7483, 1996 WL 490718 (N.D. Ill. Aug. 26, 1996). In *Tietge*, the California court considered whether the defendant's wrongful conduct occurring after the minor turned 18 extended the statute of limitations as to childhood sexual abuse. See *Tietge*, 64 Cal. Rptr. at 56 ("The intimidation which allows an abuser to take advantage of a child does not magically or suddenly end the day the child attains majority. Indeed, it can continue into the victim's adulthood."). In *Taylor*, the plaintiff alleged that the defendant abused her before she turned 18 and continued to assault her thereafter. *Taylor*, 1996 WL 490718, at *1. The district court denied a motion to dismiss based on statute of limitations grounds, because it concluded that the plaintiff might be able to establish that she had only recently recovered her memories of childhood sexual abuse. *Id.* at *4.

¶ 25    The defendant argues that these cases stand for the proposition that it is improper to separate sexual abuse that occurred when she was a child with continuous abuse that occurred when she was a young adult. Because the abuse that occurred while she was a young adult happened in Chicago and Bartlett, the plaintiff insists that venue in Cook County was proper.

¶ 26 *Tietge* and *Taylor* are readily distinguishable because neither case addresses venue. Further, even if they did, they would not help the plaintiff, because she did not assert any cause of action for anything that occurred after she turned 18. Rather, she specifically alleged in her complaint that all of the complained-of acts occurred before she turned 18. According to the complaint, the plaintiff's only interaction with the defendant prior to the plaintiff turning 18 was in Du Page County.

¶ 27 We next consider whether the circuit court erred in ordering the plaintiff to pay the defendant fees and costs, including reasonable attorney fees, for having filed her action in an improper venue. Section 2-107 of the Code provides:

> "Costs and expenses of transfer. The costs attending a transfer shall be taxed by the clerk of the court from which the transfer is granted, and, together with the filing fee in the transferee court, shall be paid by plaintiff. If the court granting the transfer finds that venue was fixed by plaintiff in bad faith and without probable cause, then it may order the reasonable expenses of defendant in attending and obtaining a transfer to a proper venue, including a reasonable attorney's fee, to be paid by plaintiff. If the costs and expenses are not paid within a reasonable time, the transferring court shall on motion dismiss the action."

> 735 ILCS 5/2-107 (West 2018).

A determination of bad faith is a question of fact to be resolved by the trier of fact thar will not be disturbed unless it is against the manifest weight of the evidence. *Ikari v. Mason Properties*, 314 Ill. App. 3d 222, 227-28 (2000). An award of fees and costs by a circuit court is a discretionary matter and will not be disturbed on review absent a clear abuse of discretion. *Woolverton v. McCracken*, 321 Ill. App. 3d 440, 445 (2001).

¶ 28    Here, the circuit court awarded the defendant her fees and costs under section 2-107 of the Code after determining that the plaintiff (1) was seeking relief under only section 13-202.2 of the Code, (2) admitted that none of the alleged childhood sexual abuse occurred in Cook County, and (3) admitted that the defendant was a resident of McHenry County, not Cook. Thus, the circuit court's implicit determination that the plaintiff's decision to file her action in Cook County was in bad faith was not against the manifest weight of the evidence. See *Ikari*, 314 Ill. App. 3d at 227-28.

¶ 29    We agree with the plaintiff that the fees and costs the circuit court ordered her to pay were substantial. Nonetheless, as all of the circuit court's findings are supported by the record, and as the fees and costs correlate to the expenses the defendant incurred in defending the action in the improper venue, we cannot say that its award of fees and costs constituted an abuse of discretion. See *Woolverton*, 321 Ill. App. 3d at 445; see also *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594-95 (1991) (in determining whether the trial court abused its discretion, the question we must consider is whether the trial court acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted).

¶ 30    The plaintiff insists that she should not have been required to pay the defendant's fees and costs, because she had a good faith belief that Cook County was a proper forum. In making this argument, she again relies on *Prouty*, *Tietge*, and *Taylor*. However, as we have already discussed, none of those cases are relevant to the case at bar.

¶ 31    The final issue on appeal is whether the circuit court properly dismissed the plaintiff's complaint as barred by the statute of limitations. The relevant statute of limitations provides:

"An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse." 735 ILCS 5/13-202.2(b) (West 1994).

The statute further provides that the limitations period under subsection (b) does not begin to run until the victim of the abuse is 18 years old. *Id.* § 13-202.2(d).

¶ 32   The circuit court granted the plaintiff's motion to dismiss the complaint as untimely pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2018)), and our review of that dismissal order is *de novo* (*Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006)). Ordinarily, the issue of when the statute of limitations begins to run under the discovery rule is one of fact, but when the answer is clear from the pleadings, we may decide this issue as a matter of law. *Doe v. Hastert*, 2019 IL App (2d) 180250, ¶ 30; *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 156 (2006). Significantly, we accept as true all well-pleaded facts in the plaintiff's complaint and draw reasonable inferences from those facts in favor of the plaintiff as the nonmoving party. *Chicago Title Insurance Co. v. Teachers' Retirement System*, 2014 IL App (1st) 131452, ¶ 13.

¶ 33   The defendant argues that the plaintiff knew of the abuse and knew or should have known that her injury was caused by the alleged abuse when it allegedly occurred in 1994. Therefore, according to the defendant, the limitations period expired two years later, in 1996. In support, the defendant cites *Clay v. Kuhl*, 189 Ill. 2d 603 (2000), and *Parks v. Kownacki*, 193 Ill. 2d 164 (2000). Both cases address sexual abuse that occurred before the legislature enacted a separate statute of limitations for actions involving childhood sexual abuse. Before 1991, the applicable statute of

limitations for abuse cases was two years, the same as for all cases involving personal injury. See Ill. Rev. Stat. 1989, ch. 110, ¶ 13-202. A separate section of the pre-1991 Code provided that the two-year period for bringing a cause of action for personal injury did not begin to run until the plaintiff reached the age of 18. *Id.* ¶ 13-211. In both *Clay* and *Parks*, the plaintiffs waited well over two years past the time of the abuse to file their complaints, but both plaintiffs claimed the benefit of the discovery rule. See *Clay*, 189 Ill. 2d at 607-08; *Parks*, 193 Ill. 2d at 173-74. Pursuant to the discovery rule, "a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused." *Clay*, 189 Ill. 2d at 608 (citing *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981)).

¶ 34    In *Clay*, the plaintiff, who filed suit in 1996, admitted that she knew of the abuse at the time it occurred in the 1970s, but she said that she did not realize until June 1994 that her " 'sexual encounters' " with the defendant had caused her later psychological injuries. *Id.* at 605, 609. The supreme court held, however, that the application of the discovery rule did not save the plaintiff's complaint, which was otherwise untimely. *Id.* at 610. The court's decision rested on the fact that the plaintiff did "not argue that she repressed her memories of the abuse"; rather, that she "was aware of the abuse as it occurred." *Id.* The court went on to hold that "Illinois law presumes an intent to harm and a resulting injury" from the "misconduct" committed by the defendant. *Id.* at 611; see also *Softcheck*, 367 Ill. App. 3d at 156 ("As a matter of law, adults are charged with the knowledge that sexual contact between 9- to 14-year-old boys and an adult is not only harmful and wrong but also that it results in injury."). Accordingly, the plaintiff's complaint was untimely because, by the time she turned 18 in 1994, she knew both of the abuse and that her injury was wrongfully caused, but she did not file suit until 14 years later. *Clay*, 189 Ill. 2d at 610-12.

¶ 35    The supreme court reached the same conclusion in *Parks*. There, the plaintiff likewise alleged that, while she had not repressed memories of the abuse by the defendant, her priest, she did not connect her post-traumatic stress disorder diagnosis with that abuse until over 20 years after the abuse ended. *Parks*, 193 Ill. 2d at 177. Moreover, she alleged that, at the time the abuse was occurring, she did not know that the sexual relationship between her and the defendant was wrong. *Id.* The supreme court, citing *Clay*, held that the discovery rule did not save the plaintiff's claims. *Id.* at 177-78. The court pointed out that, despite the plaintiff's allegations, her actions of reporting the abuse to her parents and a church leader demonstrated that she knew that the defendant had wronged her. *Id.* at 177. Further, the plaintiff reasonably should have known that a portion of her injury—namely, the abortion that the defendant forced her to obtain—was caused by the abuse. *Id.* at 177-78. The court concluded that the facts regarding the plaintiff's knowledge were stronger than those in *Clay* and affirmed the dismissal of the plaintiff's complaint as time-barred. *Id.* at 178.

¶ 36    We believe that *Clay* and *Parks* are analogous to the case as bar. As in both of those cases, the plaintiff does not assert that she was unaware of the sexual activity when it was allegedly occurring. Rather, as in those cases, she asserts that she was unable to connect that sexual activity with the harm that the defendant did until years later. As both *Clay* and *Parks* explained, the fact that the plaintiff did not realize all the harm that the defendant caused her until years later is not grounds to extend the statute of limitations. See *Clay*, 189 Ill. 2d at 610-12; *Parks*, 193 Ill. 2d at 177-78. Accordingly, we hold that the circuit court here properly dismissed the plaintiff's complaint as being barred by the statute of limitations. See *Clay*, 189 Ill. 2d at 610-12; *Parks*, 193 Ill. 2d at 177-78.

¶ 37    The plaintiff disputes the applicability of *Clay* and *Parks*, pointing out that they do not interpret section 13-202.2 of the Code but instead applied the common law discovery rule. This same argument was considered and rejected by the Appellate Court, First District, in *Doe v. Carlson*, 2017 IL App (1st) 160536, ¶ 17. There, the *Doe* court explained that the plaintiff's argument overlooked the supreme court's express finding in *Clay* that section 13-202.2 of the Code " 'codif[ied] the common law discovery rule for actions involving childhood sexual abuse.' " *Id.* (quoting *Clay*, 189 Ill. 2d at 609). Thus, the analysis in *Clay* and *Parks* is still relevant to the case at bar.

¶ 38    We also find unpersuasive the plaintiff's reliance on *Horn v. Goodman*, 2016 IL App (3d) 150339. In *Horn*, the plaintiff alleged that, prior to his turning 18, he repressed and suppressed any memory of childhood sexual abuse. The complaint further alleged that, although it happened in the 90s, he did not remember until 2011 that the contact occurred and caused his injuries. Because the plaintiff alleged that he was unable to remember that the sexual contact occurred, the reviewing court held that the plaintiff's complaint was not barred by the statute of limitations, because "[h]e cannot be charged with knowledge of something he did not remember happened." *Id.* ¶ 18.

¶ 39    *Horn* is distinguishable because there the plaintiff repressed any knowledge of the wrongful sexual acts that happened before he turned 18. That is not what the plaintiff alleges here. The plaintiff asserts that she did not realize that she was injured until she "broke through her repressed memory and became conscious that the sexual activity with defendant" had caused her harm. She later expounds that she "was unable to link in her mind the acts of childhood sexual activity with the defendant with sexual abuse." Thus, even though she used the term "repressed memory" in her complaint, it is apparent that she was always aware of the sexual contact she had

with the defendant. As such, the fact that she did not link the sexual conduct with any harm until years later did not toll the statute of limitations.

¶ 40                                            III. CONCLUSION

¶ 41       For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 42       Affirmed.

---

**No. 2-20-0538**

---

| | |
|---|---|
| **Cite as:** | *Presberry v. McMasters*, 2021 IL App (2d) 200538 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 20-L-186; the Hon. Robert G. Kleeman, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Jeffrey S. Deutschman, of Deutschman & Skafish, P.C., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John T. Schriver, Neville M. Bilimoria, and Keith M. St. Aubin, of Duane Morris LLP, of Chicago, for appellee. |

---